GRAND LODGE OF WISCONSIN OF THE ORDER OF HERMANN'S SONS vs. LEMKE, Appellant, and BURKHARDT and another, Respondents.

*February 24—March 14, 1905.*

*Life insurance: Benefit associations: Who may be beneficiaries: "Survivors."*

1. The grant of power, in ch. 101, Laws of 1899, to any member of a benefit association to name as his beneficiary any person designated by the laws of the association, is a limitation upon the right.
2. Where the laws of a benefit association limit beneficiary rights to "survivors" of the member, that term does not include one who was neither a relative of the deceased, nor a member of his household, nor connected with him by marriage.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an action of interpleader, brought by a fraternal benefit association against rival claimants of the amount due upon a benefit certificate issued by the association upon the life of one John Burkhardt. The action was tried by the court, and there is no bill of exceptions. The court found that the plaintiff was a fraternal benefit corporation organized and licensed under the laws of Wisconsin, and that John Burkhardt, now deceased, became a member thereof September 29,

1888, and received from it a benefit certificate in the sum of $900, payable to his wife, subject to a change of beneficiary by written declaration; that John Burkhardt, April 22, 1902, made a valid change of beneficiaries by written declaration, and therein designated *John Burkhardt, Jr.,* and *Anna Krischer,* his children, as beneficiaries; that the constitution, laws, and regulations of the plaintiff corporation provided that the mortuary fund should be paid to "survivors" of a member. (The provisions of plaintiff's constitution and regulations on this subject are fully set forth in the findings, but, as they may be found substantially stated in the case of *Koerls v. Grand Lodge,* 119 Wis. 520, 97 N. W. 163, it is not necessary to insert them here.)

The court further found that February 2, 1903, John Burkhardt filed an application for a second change of beneficiaries, by which he designated *Emilie Lemke* as his sole beneficiary, fully complying with all the requirements of the by-laws upon his part as to the making of the change; that John Burkhardt died March 3, 1903, at the age of seventy-eight years, being then a member in good standing of the plaintiff corporation, and that due proofs of his death were made; that *Emilie Lemke* was not related to the deceased by affinity or consanguinity, but that deceased had lived in her house from January 24 to March 2, 1903, and she had nursed and attended him, prepared his meals, and provided medical attendance, and made him comfortable until he died, and by agreement with him had paid the dues and assessments upon his certificate while he lived at her house, as well as two payments after his death.

The court concluded upon these facts that *Emilie Lemke* was not a survivor, and that her designation as beneficiary was void, and that the moneys due upon the certificate were the property of *John Burkhardt, Jr.,* and *Anna Krischer.* Judgment was rendered in accordance with these findings, and *Emilie Lemke* appeals.

*F. J. Walthers* and *John H. Paul,* for the appellant.

For the respondents there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

WINSLOW, J. The plaintiff is a fraternal beneficiary corporation providing insurance for its members on the assessment plan. Neither the pleadings nor findings state the date of its incorporation, but, as the benefit certificate in question was issued in September, 1888, it seems that it must have been organized as an insurance corporation under that clause of sec. 1771, R. S. 1878, which authorizes the formation of corporations "for the mutual support of the members, their families or kindred, in case of sickness, misfortune, poverty or death, or for contributing to the burial of the dead." By the fundamental laws of the corporation it confined the payment of the death benefit upon its certificates to the "survivors" of the member whose life was insured. By ch. 418, Laws of 1891, such corporations, both domestic and foreign, were regulated as to the manner of their formation and mode of operation, and this act was amended and recodified by ch. 175, Laws of 1895, which last-named act contained a section authorizing the insured member of such a society to name as his beneficiary "any person having an insurable interest in his life or to make his insurance payable to his estate." Sec. 3, Id. This act was substantially incorporated into the Statutes of 1898 by secs. 1955a to 1955m, inclusive, the section last above quoted being sec. 1955c. By ch. 101, Laws of 1899, sec. 1955c was amended so that any member was authorized to name as his beneficiary "any person or persons designated by the laws of such society, . . . or, if the laws thereof permit, his insurance may be made payable to his estate." Thus it will be readily seen that in February, 1903, when the deceased member in question attempted to designate the appellant as his beneficiary, the laws of the state distinctly provided that the insured might name as his beneficiary any person desig-

nated by the laws of the society; and this clause, being a grant of power, is clearly a limitation upon the right.

The main question presented, therefore, is whether the appellant is included within the term "survivors," to which class beneficiary rights are limited by the laws of the society. If she is not so included, then there was no power on the part of the insured, nor of the corporation itself, to constitute her a beneficiary. *Groth v. Central Verein*, 95 Wis. 140, 70 N. W. 80. She was not a relative in any way, but had nursed and cared for the insured for several weeks prior to his death.

The question as to who may be legally considered a "survivor" was somewhat considered in the case of Koerts against this same corporation, 119 Wis. 520, 97 N. W. 163, and the conclusion there reached was that the term does not include one who "was neither a relative of the deceased, nor a member of his household, nor connected with him by marriage." We have seen no reason to change that conclusion by reason of any argument addressed to us in the present case, and we conclude, therefore, that the judgment in the present case was rightly rendered.

*By the Court.*—Judgment affirmed.