THOMAS and others, Respondents, vs. COVERT, imp., Appellant.

SAME, Appellants, vs. SAME, Respondent.

*December 15, 1905—January 9, 1906.*

*Benefit societies: Contract precluding disposition of benefits by will: Who are "legal heirs:" What statute governs.*

1. A provision in the constitution of a benefit society, made a part of its contract with each member, that no will shall be permitted to control the distribution of, or the rights of any person to, any benefit payable by the society, is not contrary to public policy and is binding upon the member, precluding him from disposing by will of the proceeds of his benefit certificate.
2. The "legal heirs" of a deceased member of a benefit society, to whom by the terms of his certificate payment is to be made out of the "widows' and orphans' benefit fund," include all persons designated as distributees by the statutes for the distribution of the property of intestates.

3. Where a benefit certificate, issued through a local lodge of this state to one who remained a member of such lodge and a resident of this state until his death, provided for payment to the "legal heirs" of such member, the persons to whom such payment is to be made are those designated as distributees by the statutes of this state, and (under subd. 6, sec. 3935, Stats. 1898) include the widow.

Appeals from a judgment of the circuit court for Rock county: James J. Dick, Judge. *Affirmed.*

This is an action for the recovery of the proceeds of a benefit certificate issued by the Supreme Lodge of the Knights of Honor to George Covert, now deceased. The facts involved are as follows:

The Supreme Lodge of the Knights of Honor is a fraternal insurance corporation organized under the laws of Missouri and licensed to do business in Wisconsin. In September, 1881, this association issued the following benefit certificate:

"No. 75,427.                                    $2,000.00.

"Knights of Honor Benefit Certificate.

"The Supreme Lodge, Knights of Honor, issues this certificate to George Covert, a member of Washington Lodge, No. 329, located at Clinton, Wisconsin, upon evidence received from said Lodge that he has lawfully received the degree of Manhood, and is a contributor to the Widows' and Orphans' Benefit Fund of this Order; and upon condition that the statements made by said member in his petition for membership, and the statements made by him to the medical examiner, be made a part of this contract, and upon condition that said member complies with the laws, rules, and regulations now governing this Order, or that may hereafter be enacted for its government, and is in good standing at the time of his death, the said Supreme Lodge hereby agrees to pay out of the Widows' and Orphans' Benefit Fund to his legal heirs the sum of Two Thousand Dollars in accordance with and under the laws governing this Order, upon satisfactory evidence of the death of said member and the surrender of this certificate. Provided, that this certificate shall not have been surrendered by said member or canceled at his re-

quest and another certificate have been issued in accordance with the laws of this Order.

"In witness whereof, the Supreme Lodge, Knights of Honor, has hereunto affixed its seal and caused this certificate to be signed by its Supreme Dictator and Supreme Reporter, at Wooster, O., this 19th day of September, 1881.

"I accept this certificate upon the conditions herein named.
"George Covert.
"[Signature of Member.]
"W. B. Hoke, Supreme Reporter.
"Witnessed and delivered in the presence of C. L. Hanson, Dictator, R. W. Cheever, Reporter, of Washington Lodge, No. 329, K. of H.

"This certificate must be surrendered whenever the brother changes from a full-rate to a half-rate assessment or from a half-rate to a full-rate assessment.
"J. C. Plumer, Supreme Reporter."

At the time of George Covert's death, January 9, 1904, he was the holder of this certificate and had complied with its conditions respecting payment of assessments and other requirements, and the certificate was then in force. Proof of death was duly made, and the lodge admitted liability on the certificate for the full amount of $2,000 to whomsoever it was due under the contract and the rules and regulations of the association. Sec. 1, art. 9, of the lodge's constitution and by-laws is as follows:

"Section 1. *Application for.*—Every lodge shall forward to the Supreme Reporter all applications for beneficial membership immediately after the applicant receives the degree. Each applicant shall enter upon his application the name or names and relationship or dependence of the members of his family, or those dependent upon him, to whom he desires his benefits paid, and the same shall be entered in the benefit certificate according to said direction. No will shall be permitted to control the appointment or distribution of, or rights of any person to, any benefit payable by this Order; nor shall the member have any power to sell, assign, or hypothecate his benefit certificate, or to change his beneficiaries in any way other than that prescribed by the laws of this Order."

The deceased in his will, which was duly probated, disposed of his real and personal estate. Whether the will covered the proceeds of this benefit certificate was contested by his children. This action was commenced by them in February, 1904, to recover the proceeds of the certificate. Thereafter the lodge paid the sum of $2,000 into court to abide the result of the suit, and the action was dismissed as to it. The circuit court awarded judgment, adjudging that the children and the widow of the deceased were entitled to the proceeds of the certificate in equal parts, as legal heirs under the terms of the contract and the constitution and by-laws of the lodge, and denied the widow's claim to the whole of the proceeds under the will of the deceased. The defendant *Jennie Covert*, widow of the deceased, and the plaintiffs, his children, separately appeal from the judgment so entered.

For the plaintiffs the cause was submitted on the brief of *William G. Wheeler*.

*E. D. McGowan*, for the defendant *Jennie M. Covert*.

SIEBECKER, J. The benefit certificate issued to the decedent by the lodge in express terms stipulates that he, as a member of the association, becomes bound by its laws, rules, and regulations. Under these circumstances the laws, rules, and regulations were as effectually a part of his contract as if particularly set forth in the certificate. Sec. 1, art. 9, of the lodge's constitution, in force at the time this certificate matured, provided that "no will shall be permitted to control the appointment or distribution of, or rights of any person to, any benefit payable by this order," and that the certificate holder had no power to sell, assign, or hypothecate it or change the beneficiaries otherwise than in the manner prescribed by the laws. This is in effect an agreement by the certificate holder to forego the right to dispose of the proceeds of this contract by will and it precludes him from making disposition of them in this manner. The imposition of such a stipulation as a

condition of membership in the lodge is not at variance with law or public policy, and it must be held an enforceable obligation. In the case of *Baldwin v. Begley,* 185 Ill. 180, 56 N. E. 1065, such an agreement was held binding on the certificate holder, and was held to prevent any disposition of the proceeds contrary to its terms. See, also, *Koerts v. Grand Lodge, Hermann's Sons,* 119 Wis. 520, 97 N. W. 163; *Barry v. Catholic Knights,* 119 Wis. 362, 96 N. W. 797; *Grand Lodge, Hermann's Sons v. Lemke,* 124 Wis. 483, 102 N. W. 911. The legal result is that the deceased could not dispose of the proceeds of the certificate by will, and it is immaterial what he may have intended respecting them in his will. He could not thereby change the terms of the contract, and the money realized must be paid to the person designated by it.

The terms of the certificate specifying to whom payment should be made at its maturity are that it "agrees to pay out of the Widows' and Orphans' Benefit Fund to his *legal heirs* the sum of two thousand dollars in accordance with and under the laws governing this Order." The term "legal heirs," in its technical sense as used in the common law, includes all persons born in lawful matrimony who succeed to the estate in real property of an ancestor. *Appeal of Dodge,* 106 Pa. St. 216; *Lavery v. Egan,* 143 Mass. 389, 9 N. E. 747; *Hascall v. Cox,* 49 Mich. 435, 13 N. W. 807. When its use is not restricted to this technical sense, the meaning and scope of the words is to be ascertained from the general significance given them and from the context of the document and the circumstances wherein they are employed, in view of the law applying to the subject in hand. The decisions construing the meaning of the words are very numerous and conflict in certain respects. The great weight of the decisions is clearly to the effect that, unless a contrary intent is indicated, the words, when used respecting a transfer of personal property, mean all persons designated as distributees by the statutes for the distribution of the property of intestates. *In re Comly's Es-*

*tate,* 136 Pa. St. 153, 20 Atl. 397; *Kendall v. Gleason,* 152 Mass. 457, 25 N. E. 838; *Tompkins v. Levy,* 87 Ala. 263, 6 South. 346; *Lee v. Baird,* 132 N. C. 755, 44 S. E. 605; *Johnson v. Knights of Honor,* 53 Ark. 255, 13 S. W. 794; 1 Cooley, Briefs on Ins. 808; *Perry v. Scaife,* 126 Wis. 405, 105 N. W. 920.

The certificate was issued through a local lodge of this state of which deceased remained a member until his death. It also appears that he was a resident of this state during his membership. Under these circumstances the contract was undoubtedly made with reference to the laws of this state, and the intent with which the words were used must be ascertained with reference to what persons are designated as distributees under our laws. By subd. 6, sec. 3935, Stats. 1898, the widow is included as a distributee and is entitled to receive the same share of a decedent's personal property as a child. Under this statute the widow and children are included in the same class, and whenever the term "heirs" or the term "legal heirs" is employed in a popular sense, as designating those to whom personal property is given, it is to be taken as meaning those who take as distributees. It is quite apparent that this was the intended meaning of the words in this certificate. The decedent obligated himself to contribute to the "Widows' and Orphans' Benefit Fund," and the lodge in consideration thereof agreed to pay the stipulated sum out of this fund to his "legal heirs." The various provisions of the lodge's code indicate that the proceeds of the certificate are intended for the aid and benefit of the member's family and those dependent on him. It is manifest that the widow was intended to be included as a "legal heir." We must hold that the trial court correctly considered that the widow was entitled to share equally with the decedent's children in the avails of the certificate. *Knights Templars & M. M. Aid Asso. v. Greene,* 79 Fed. 461; *Johnson v. Knights of Honor, supra; Hanson v. Minn. S. R. Asso.* 59 Minn. 123, 60 N. W. 1091; *N. W. M.*

*Aid Asso. v. Jones,* 154 Pa. St. 99, 26 Atl. 253; *Lyons v. Yerex,* 100 Mich. 214, 58 N. W. 1112; *Janda v. B. R. C. F. C. U.* 173 N. Y. 617, 63 N. E. 1110; *Alexander v. N. W. M. Aid Asso.* 126 Ill. 558, 18 N. E. 556; *Mullen v. Reed,* 64 Conn. 240, 29 Atl. 478; Bacon, Ben. Soc. & Life Ins. § 260; Niblack, Ben. Soc. & Acc. Ins. (2d ed.) § 189; 1 Cooley, Briefs on Ins. 808; 4 Words & Phrases, 3253, "Heirs as Distributees."

*By the Court.*—Judgment affirmed on both appeals.