RASCHKE, Appellant, vs. HADERER and others, Interveners,
Respondents.

*January 29—February 16, 1909.*

*Life insurance: Mutual benefit society: Change of beneficiary: Sup-
posed loss of certificate: Mistake.*

Where one to whom a benefit certificate had been issued, in which
his wife was named as beneficiary, substantially complied with
all the requirements of the by-laws and rules of the association
for proving loss of the certificate and for changing the bene-
ficiary, and a new certificate was duly issued to him accord-
ingly, the fact that the original certificate had not been lost
but had been secreted by the wife did not affect the rights of
the beneficiaries named in the new certificate, there being no
question that the insured desired the change.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The defendant Gegenseitige Unterstuetzungs-Gesellschaft, Germania, is a corporation organized exclusively for charitable and benevolent purposes for the purpose of extending mutual aid to its members and their families in cases of sickness, accident, and death. On January 22, 1894, this society issued its certificate No. 2306 on the life of August C. Raschke, a member, *Auguste Raschke,* his wife, being named as beneficiary. February 16, 1901, Raschke made application to the secretary of the society for the issuance of a life insurance certificate in place of the one issued in favor of his wife, to be payable, one fourth to each of his three children, one eighth to Walter Vick, his nephew, and one eighth to the person who should be the last attendant upon him prior to his death. He made affidavit before the secretary of the society, who was also a notary, that the certificate No. 2306, issued in favor of his wife, had been lost and could not be found. Upon this request and affidavit certificate No. 4837 was issued.

On November 5, 1905, while in good standing in the society, Raschke died. Due proof of his death was made to the society. When this action was brought by *Augusle Raschke,* the beneficiary named in the first certificate, the society paid the money due on the membership of Raschke into court and prayed that the beneficiaries named in the last certificate be made parties defendant. An order to this effect was entered by the court, and in due time a guardian *ad litem* was appointed for the minor children.

Besides the second certificate and the other records of the society showing its issuance there was evidence tending to show that the deceased and his wife had been on terms of difference for some time prior to the application for the substitute certificate, that she had commenced an action for divorce against him, that she had secreted the first certificate, which was in her possession, so that Raschke could not get it, and

that Raschke knew that she had concealed it. The court found that the last certificate was properly issued and entered judgment dismissing the complaint, and, after deducting costs out of the fund, distributed one fourth of the balance to each of the three children named as beneficiaries, and the remaining one fourth to the executor of the last will and testament of the deceased, because Walter Vick was not a member of the family of the deceased and there was no one in attendance upon the deceased at the time of his death. This is an appeal from such judgment.

For the appellant there was a brief by *Schwefel & Knoell,* and oral argument by *H. G. Schwefel.*

For the respondent *Haderer* there was a brief by *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill* and *E. P. Nemmers,* guardian.

SIEBECKER, J. The court found that August C. Raschke on February 16, 1901, was a member of the defendant society; that a certificate had been issued to him which named the plaintiff, who was his wife, as the beneficiary; that he was entitled to exercise the rights and privileges of a member; that the constitution, by-laws, rules, and regulations of the association at this time provided that any member in good standing was entitled to make a substitution of beneficiaries in his certificate, and that this could be accomplished by indorsing a request therefor on the back of his certificate, subscribing the same, and delivering it to the secretary of the central society. If the certificate were lost, then such change of beneficiary could be made by proof of the loss of the original certificate by an affidavit subscribed before a notary and by releasing all claim under the original certificate; thereupon another certificate naming the substituted beneficiary would be issued upon payment of $1. It is further found that the deceased on February 16, 1901, in compliance with these requirements, made proof of the loss of his original cer-

tificate and requested that another certificate be issued to him, naming his children, one Walter Vick, and the person last in attendance upon him at the time of his death as the beneficiaries; one fourth of the proceeds to be paid to each of the children, and one eighth each to Walter Vick and the person last in attendance upon him at the time of his death.

It appears that the original certificate was in plaintiff's possession at the time August C. Raschke died, and she now claims the right to recover the amount owing from the defendant on the certificate of insurance issued on his life upon the ground that the subsequent certificate, issued upon his request and naming the intervening defendants as beneficiaries, was improperly issued and cannot be made the basis for a recovery of the insurance due on the membership of the deceased. The evidence shows that the deceased substantially complied with all the requirements for changing the beneficiary in his certificate and proving its loss, and that the society properly issued another certificate of membership to him which named the intervening defendants as his beneficiaries in place of the plaintiff. There is no question but that the deceased desired to change the beneficiary in his membership certificate when he made affidavit therefor to the officer of the society and took the steps necessary to accomplish this purpose. Under these circumstances it is immaterial whether the insured obtained such change of beneficiaries through a mistake of fact as to the loss of the original certificate. It is manifest that he presented the necessary evidence to the society to entitle him to have such substitution made and to secure the second certificate which named the persons selected by him as beneficiaries. The trial court properly held that his children were each entitled to one fourth of the proceeds of the certificate, and that the remaining one fourth should go to the personal representative of the deceased.

*By the Court.*—Judgment affirmed.