ORMOND, Respondent, vs. McKINLEY, Appellant.

*April 12—May 2, 1916.*

*Mutual benefit societies: Change of beneficiary.*

Under sec. 1955c, Stats. 1898 (sub. 5, sec. 1957, Stats. 1915), a member of a mutual benefit society may change the beneficiary named in his certificate or policy without the consent of such beneficiary, by complying with the by-laws of the society.

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The action is brought to determine the right to the proceeds of a benefit certificate issued by the Modern Woodmen of America.

In September, 1905, William J. Ormond joined the Modern Woodmen of America, a fraternal benefit society, and the society issued a certificate of insurance to him for $1,000. Ormond named his wife, *Nellie,* the defendant, now *Mrs. Mc-Kinley,* the beneficiary in this certificate. In 1909 the defendant, as the wife of William J. Ormond, instituted divorce proceedings and secured a divorce from him. In these proceedings the court did not consider or render any order or judgment in reference to this insurance. Ormond thereafter married his second wife, the plaintiff, *Laura Ormond.* In December, 1910, Ormond had the certificate of insurance changed, making his second wife, *Laura Ormond,* the beneficiary in place of his divorced wife, *Nellie.* This was done without the knowledge or consent of the first wife, and she at no time waived, surrendered, assigned, or gave up any right or interest in the certificate. In 1915 Ormond died, and both the defendant, his first wife, and the plaintiff, his second wife, claim the proceeds of the certificate. The insurance company paid the money into court and was released, and this action is prosecuted to determine to whom the money belongs.

The plaintiff demurred to the answer and to the cross-complaint of the defendant and the court made an order sustaining each of these demurrers. It is from such order that this appeal is taken.

For the appellant the cause was submitted on the briefs of *Otjen & Otjen.*

For the respondent there was a brief by *Hougen & Brady,* and oral argument by *Charles E. Brady.*

SIEBECKER, J. The rights of the parties to the proceeds of the benefit certificate are controlled by the statute, sec. 1955c, Stats. 1898, which provides:

"Any member of such society, order or association may

name as his beneficiary any person having an insurable interest in his life or make his insurance payable to his estate, *and may change the beneficiary named in his certificate or policy without the consent of such beneficiary by complying with the by-laws of the corporation which issued the same.*"

The conditions of these provisions of the statute are material in showing the rights of the parties to the proceeds of the certificate. As declared in the *Rawson Case* [*Rawson v. Milwaukee Mut. L. Ins. Co.*] 115 Wis. 641, 92 N. W. 378, the beneficiary's right or interest under such a certificate ". . . was subject to defeat at any moment during the life of the member by his act without her consent. It did not become absolute and indefeasible until the death of the member without having exercised anew his power of appointment." Under familiar rules the provisions of the foregoing statute are a part of the terms of the certificate, and all persons who acquire any rights or interest in it receive them subject to the conditions imposed by this law. It is obvious that the legislature of 1898 intended the provisions of this statute to apply generally to all mutual benefit and fraternal societies by omitting the limitation of the prior statute confining it to those "organized in Wisconsin" and inserting the word "such" before the words "society, order or association," thus referring to the class designated under the title of which sec. 1955c is a part, namely, "Mutual beneficiary and fraternal organizations, societies, orders and associations." The case of *Raschke v. Haderer,* 138 Wis. 129, 119 N. W. 812, declared it as the right of members of such societies to make a change of beneficiaries without the consent of the beneficiary named therein by complying with the regulations of the society. It is clear that William J. Ormond as a member of the order had the right to designate the plaintiff as beneficiary in place of the defendant and that the defendant has no right to nor interest in the proceeds of the certificate here involved. The circuit court properly sustained the demurrers to the answer.

*By the Court.*—The order appealed from is affirmed.