MALANCY, Appellant, vs. MALANCY, Respondent.

*May 15—June 12, 1917.*

*Life insurance: Benefit societies: Change of beneficiary: By-laws and statute are part of certificate: Rights of beneficiary under a contract.*

1. The beneficiary named in a certificate issued to a member of a fraternal benefit society does not acquire absolute and indefeasible rights until the death of the member.
2. A by-law of such a society, providing that any agreement entered into by a member not to change the beneficiary shall be null and void, and the statute (sub. 5, sec. 1957, Stats.) providing that he may change the beneficiary named without the consent of such beneficiary, become part of the terms and conditions of the certificate.
3. The fact that a change of the beneficiary in such a certificate was made by the member for a valuable consideration paid to him did not give the second beneficiary any legal or equitable right to the proceeds of the certificate as against the person in whose favor another change was afterwards made by the member in accordance with the by-laws of the society.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

This is an action by *Louise Malancy* to recover a fund of $1,000 from the Modern Woodmen of America, a fraternal benefit society, which was originally a party to the suit, upon the membership of William Malancy, her husband, in the society. *Tressie Malancy,* mother of William Malancy, also makes claim to the fund. The Modern Woodmen of America paid the fund into the court to abide the result of this action. The action was dismissed as to the society and proceeded as to the other parties.

William Malancy became a member of the Modern Woodmen of America in July, 1906, and it issued to him a benefit certificate for $1,000, in which the defendant, *Tressie Malancy,* was made beneficiary.

Prior to February 9, 1911, William Malancy, ill with tu-

berculosis, contemplated entering the Modern Woodmen sanitarium in Colorado for treatment. His friends donated a fund to pay his expenses, but refused to deliver the fund until he made his benefit certificate payable to his wife. He made application for change of beneficiary and a certificate was issued in which his wife was named as sole beneficiary. The by-laws of the society provide that in order to change a beneficiary in a certificate the member shall deliver the certificate in writing to the camp clerk, and that in case the certificate cannot be returned then that the member execute a waiver of benefit in lieu of such surrender of the certificate. The by-laws also provide that any agreement entered into by a member not to change his beneficiary shall be null and void. In this case the original certificate was not surrendered to the camp clerk because the defendant, *Tressie Malancy,* refused to deliver it up. No waiver of benefit under the original certificate was made or filed with the society, but, without insisting upon this, the society issued a second certificate, in which the plaintiff was named as sole beneficiary.

In October, 1914, without the knowledge of the plaintiff, William Malancy made application to change the beneficiary, this time naming *Louise Malancy* as beneficiary of $500 and *Tressie Malancy* as beneficiary of $500. He filed a waiver of claims under the second certificate, and the society issued a third certificate in accordance with the application.

In May, 1915, William Malancy executed a surrender of the third certificate and made application for one payable solely to *Tressie Malancy* as beneficiary.

William Malancy died on August 30, 1915, due proof and notice of his death being given to the society by *Tressie Malancy.*

The court found that *Louise Malancy* had no cause of action, that *Tressie Malancy* should recover the fund of $1,000, but that she could not recover costs from either the Modern Woodmen of America or from the plaintiff.

The plaintiff claims the fund under the second certificate, upon the ground that William Malancy had agreed to make his wife the sole beneficiary of the fund in consideration of the expense fund advanced to him by his friends.

The plaintiff asks that the judgment of the circuit court be reversed and judgment ordered in favor of the plaintiff.

For the appellant there were briefs by *G. M. Sheldon,* attorney, and *R. T. Reinholdt,* of counsel, both of Tomahawk, and oral argument by *Mr. Reinholdt.*

For the respondent there was a brief by *P. T. Stone* of Wausau and *J. & M. Van Hecke* of Merrill, and oral argument by *John Van Hecke.*

SIEBECKER, J.    There is no dispute concerning the issuing of the certificates upon the decedent's application to the society, that they became effective under its regulations, and that the proceeds thereof were properly paid into the court. The question presented is: Has the plaintiff any claim to the proceeds under the second certificate issued to the deceased in which she was named the sole beneficiary? It is contended that she acquired a special vested interest in this certificate for a valuable consideration and hence a right to the proceeds thereof, of which she cannot be deprived without her consent as against the defendant who is named the sole beneficiary in the certificate last issued to deceased. The friends of the plaintiff's husband who raised the fund to defray his expenses to send him to Colorado refused to give him the fund until he caused his wife to be made the sole beneficiary of this fraternal insurance. Sub. 5, sec. 1957, Stats., provides, "Any member" of a fraternal benefit society, order, or association "may change the beneficiary named in his certificate or policy without the consent of such beneficiary, by complying with the by-laws of the society, order or association." The by-laws of the society provide that any agreement entered into by a member not to change the beneficiary shall be

null and void.    The provisions of such by-laws and the stat-
utes become part of the terms and conditions of a benefit cer-
tificate of fraternal societies.    *Ormond v. McKinley,* 163
Wis. 205, 157 N. W. 786; *Thomas v. Covert,* 126 Wis. 593,
105 N. W. 922.

It is well established that the beneficiary under such a
certificate does not acquire absolute and indefeasible rights
until the death of a member.    *Rawson v. Milwaukee Mut. L.
Ins. Co.* 115 Wis. 641, 92 N. W. 378; *Ormond v. McKinley,
supra; Raschke v. Haderer,* 138 Wis. 129, 119 N. W. 812.
We are cited to the case of *Faubel v. Eckhart,* 151 Wis. 155,
138 N. W. 615, as authority to the point that the decedent
had power to contract for the disposition of the proceeds of
the certificate, and that if he did so for a valuable considera-
tion it became irrevocable as to any subsequent beneficiary
who is a mere volunteer as against the one named in such con-
tract.    This contention is not sustained by the decision of
this case.    The court there explicitly held upon the authority
of *Hutson v. Jenson,* 110 Wis. 26, 85 N. W. 689, "that the
insured has no title, ownership, or property in the fund
agreed to be paid to another after his death.    He has a mere
power of appointment of a beneficiary during his lifetime,
and in that power the beneficiary has no vested interest."
Under the statutes, sub. 5, sec. 1957, the by-laws of the asso-
ciation, and the adjudications of this court the deceased had
the power to change the beneficiaries of his certificate as he
did, and the plaintiff had no legal or equitable right to
the proceeds of the certificate in question as against the de-
fendant who was named by the insured as the sole beneficiary.
The court properly held that the defendant is entitled to the
fund paid into court.

*By the Court.*—The judgment is affirmed.