(No. 11615.—Judgment affirmed.)

THE WOMEN'S CATHOLIC ORDER OF FORESTERS *vs.* CATH-ERINE HEFFERNAN, Appellee.—(JOHN W. RYAN *et al.* Appellants.)

*Opinion filed April 17, 1918.*

1. BENEFIT SOCIETIES—*beneficiary must come within designated class at time of death of insured.* The beneficiary named in a benefit certificate has no vested interest therein or in the fund provided for its payment until the decease of the member, whose death matures the certificate, and if at the time of the death of the insured the beneficiary named comes within one of the classes of beneficiaries designated in the by-laws and in the statute he may recover.

2. SAME—*a beneficiary may recover as a dependent although named as a member of the family.* Where a benefit certificate includes dependents in a class of beneficiaries, on the introduction of the policy showing a party to be the beneficiary named, together with proof of dependency, said beneficiary may recover although named in the certificate as "dear friend and member of my family," as it is not necessary that the insured and the beneficiary be blood relatives in order that there may be dependency.

3. SAME—*to what extent beneficiaries are limited by the statute.* The only limitation made by the statute upon a benefit society in the designation of its beneficiaries is that it cannot extend its beneficiaries to a class not named in the statute, but it may limit the beneficiaries to only a part of those named in the statute.

4. SAME—*what is sufficient to show beneficiary is a dependent.* Where a benefit society includes dependents as beneficiaries, it is sufficient to show that a beneficiary is a dependent if he receives some substantial support or assistance from the insured, such as food, clothing, lodging or education, or some other substantial aid which rests upon some moral, legal or equitable ground.

5. SAME—*relation of a dependent to insured must be fixed by situs and not by contract.* To entitle a beneficiary to recover as a dependent of the insured it must appear that the relation of the dependent to his benefactor is fixed by situs and not by contract, except in the one instance of husband and wife, who are at all times considered as dependent, each one upon the other.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

STANLEY S. WALKOWIAK, (O. A. ARNSTON, of counsel,) for appellants.

CHARLES C. STILWELL, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On March 4, 1915, the Women's Catholic Order of Foresters filed its bill of interpleader in the circuit court of Cook county against Catherine Heffernan, appellee, and John W. Ryan and James E. Ryan, appellants. The following facts were alleged in the bill of interpleader and were admitted in the answers thereto of both the appellee and the appellants: The complainant is a fraternal beneficiary society existing under and by virtue of the laws of the State of Illinois, having its principal office in the city of Chicago. It is organized and doing business for the purpose of furnishing life indemnity or pecuniary benefits to beneficiaries of its deceased members, and has engaged in furnishing insurance to its members according to its constitution and general rules duly adopted by it and in force for its government. On October 27, 1897, it issued an endowment beneficiary certificate to Winifred Ryan, who was then a member of the organization in good standing, bearing the number 13,744, class A. On the face of said certificate the name of Ann Ryan, her mother, appeared as the beneficiary thereof. On the reverse side thereof appears a request for a change of the beneficiary named on the face of the certificate, naming "Catherine Heffernan, dear friend and member of my family," as the beneficiary thereunder, and a new endowment certificate was issued to Winifred Ryan, in accordance with said request, about February 1, 1905, in the sum of $1000. Section 2 of article 15 of complainant's constitution in force at the time of the issuance of said last named certificate, and from thence up to the death of Winifred Ryan, provided that endowments may be made payable to the following classes of persons:

"Class First: To a member's (1) husband, (2) children, (3) grandchildren, (4) father and mother, (5) grandparents, (6) brothers and sisters, (7) nieces and nephews, (8) cousins in the first degree, (9) aunts and uncles, (10) any members of the family, (11) next of kin who would be distributees of the personal estate of such member upon her death intestate, (12) to religious or charitable institutions; in any of which cases no proof of the dependency shall be required before issuing the endowment certificate.

"Class Second: To any other person who is dependent upon the member for maintenance (food, clothing, lodging or education); in which case written evidence of the dependency within the requirements of the laws of this order must be furnished to the satisfaction of the high secretary before the endowment certificate can be issued."

Winifred Ryan died in the city of Chicago on December 31, 1914, and was at the date of her death a member in good standing in said organization. She left her surviving John W. Ryan and James E. Ryan, her brothers, as her only heirs-at-law and next of kin, who claimed that Catherine Heffernan was not at any time a member of the family of or in any manner related to Winifred Ryan. The benefits of said endowment had become due and payable to the true and lawful beneficiary thereunder in the sum of $1000, less complainant's proper costs in this proceeding. Catherine Heffernan claims as the holder and lawfully designated beneficiary named in said last certificate, numbered 72,498, class A, and that Lionel Sherwin, administrator of the estate of Winifred Ryan, and also John W. Ryan and James E. Ryan, as heirs of Winifred Ryan, claim that they are entitled to such fund. The complainant states that it has no interest in the controversy of said parties and has in no way colluded with any of them and brings the money into court, and after being allowed $40 for its costs and charges out of said sum of $1000 is by the court discharged from the case.

The lower court tried the issues formed by the answers of appellee and appellants, found the facts true that are set forth in the bill of interpleader, and that appellee was not a member of the family of Winifred Ryan and not related to or dependent upon her in any manner whatever for maintenance, and that John W. Ryan and James E. Ryan were entitled to said sum of $960, and decreed that said sum should be paid to them and that appellee pay the costs of the suit.   On appeal to the Appellate Court for the First District the decree of the trial court was reversed without remanding and a judgment entered in that court that the fund be paid to Catherine Heffernan.   A certificate of importance and appeal were granted by the Appellate Court, and appellants have brought the record to this court for review.

The facts proved on the trial are, in addition to the foregoing admissions, that Winifred Ryan lived with her father and mother as long as they lived.   Her father, Patrick Ryan, died about thirty-two years before, and Ann Ryan, her mother, died about eighteen years before Winifred's death.   After her father's death she lived with her mother in Chicago.   From the funeral and burial of her mother she went to the home of Catherine Heffernan's father, at 1934 West Huron street, Chicago, and made her home there until her death, the Heffernan family being then composed of John Heffernan, Catherine Heffernan, brother and sister, and their father.   After the father's death Miss Ryan lived with the brother and sister until the death of John Heffernan, and from that time she lived with Miss Heffernan until her (Winifred's) death, which occurred about two years after John Heffernan's death.   She never had any other home after the death of her mother, was never married and was about fifty years old when she died. Appellee owned the home in which they lived, having inherited the same from her father and brother.   They both worked at neckwear down town, and Miss Ryan did most of the housework and carried piecework home with her

to occupy her while not engaged at housework. While they both earned wages it does not appear in the record how they spent their wages. There is no positive evidence in the record as to whether or not Miss Ryan paid board or lodging to Miss Heffernan and no positive evidence as to whether one or both of them furnished the food for the table. They were always seen together wherever they went, and are referred to by some of the witnesses as dearer to each other than sisters. They attended together the meetings of the Women's Catholic Order of Foresters, both being members thereof, and also attended social gatherings and many other different meetings. They had no housekeeper or other person living with them at the time of Miss Ryan's death. It appears by the record evidence that both Miss Ryan and appellee cared for each other during sickness as one member of the family would care for another. The testimony of one witness upon this point is that "when Catherine Heffernan was sick Winifred Ryan cared for her as one member of a family would care for another, and Miss Heffernan did the same with Miss Ryan, who was sick many times." At the time of her death, and for years prior thereto, appellants were both married and had families.

It appears from the record that on the trial the court said, and held in substance, that appellee could not recover in this case unless she was a member of Winifred Ryan's family at the time she was named as the beneficiary in the second certificate of insurance. The court further said: "They [appellants] rest their defense upon the ground that at the time the alleged designation was made she was not competent to take, and that is the sole defense in this case." The law governing insurance certificates of the class now in question has been declared by this court to be that a person cannot take as a beneficiary unless he falls within one of the designated classes to which such insurance may become payable at the time of the death of the member. The designated beneficiary, although at the time the certificate was

made he was one of the designated classes named in the statute to whom such insurance might be made payable, can not receive such fund, as against the heirs of the insured, unless he continued to be or is one of such designated classes at the death of the insured to whom the insurance may be paid. (*Murphy* v. *Nowak,* 223 Ill. 31.) It is a distinctive feature of this class of insurance that the benefit certificate speaks with reference to the condition existing at the time of the death of the member whose life is insured. The beneficiary named in the certificate has no vested interest therein or in the fund provided for its payment until the decease of the member, whose death matures the certificate. If the beneficiary named, at the time of the death of the insured, comes within one of the designated classes in the by-laws of the society and in the statutes of the State who may become beneficiaries in such certificates he is entitled to recover.

In our view of this case, if appellee was a member of the family of or a dependent of Winifred Ryan within the meaning of the by-laws of the society and the statute she is entitled to recover in this case although she is described in the certificate as "dear friend and member of my family." There is no question and can be no question that the deceased intended appellee to be her beneficiary in the insurance certificate and that she should receive the benefit on the maturity of the certificate. Appellee is therefore not restricted in her right of recovery to prove that she comes under the actual designation of "dear friend and member of the family" of the deceased. The introduction of the policy in this case showing appellee to be the beneficiary therein named, together with the other proof and admissions in the record, is sufficient to entitle her to a recovery on the certificate in question. The whole tendency of such proof is to the effect that appellee was a dependent of the deceased if not a member of her family. There is no evidence in the record that contradicts the above showing ex-

cept a mere conclusion of one of the witnesses for appellants, who testified outright, without stating any facts in support of her conclusion, that Catherine Heffernan was not a member of Winifred Ryan's family. It does appear from the evidence that the appellee was not related to Miss Ryan by consanguinity. It is not necessary that they should be blood relatives in order that they be mutually dependent upon each other such as members of the same family are, or that Miss Heffernan should be a dependent of Miss Ryan within the meaning of our statute and the by-laws of the order in question. Our statute provides that the payment of death benefits of fraternal beneficiary societies shall only be made to "the families, heirs, blood relations, affianced husband or affianced wife of or to persons dependent upon the members," etc. (Hurd's Stat. 1917, chap. 73, par. 258, p. 1753.) The only limitation made by the statute upon the society in the designation of its beneficiaries is that it cannot extend its beneficiaries to a class not named in the statute. It may limit the beneficiaries to only a part of those named in the statute. *Murphy* v. *Nowak, supra.*

This court has said that a "dependent," as that term is used with reference to benevolent associations, is one who is sustained by another or relies for support upon the aid of another, and that an orphan taken into a family and treated and supported by the husband and wife as a daughter until she is married is a dependent although not related by blood to them. (*Alexander* v. *Parker,* 144 Ill. 355; *Murphy* v. *Nowak, supra.*) It was further said that the maintenance of dependents is such support as consists in the furnishing of food, clothing, lodging or education. It is not necessary in order for one to be a dependent that such one shall be entirely supported by another. Even in families consisting of parents and their children no one of the family is usually dependent entirely for support and maintenance on any particular one but upon all the members of the family as well as also upon his own efforts. In other

words, the above designation does not carry with it the idea that a dependent is one entirely supported by another but one who depends upon the aid of another in his support. It must also appear that the relation of the dependent to his benefactor or the party who aids in his support must be fixed by situs and not by contract, except in the one instance of husband and wife, who are at all times considered as dependents, each one upon the other. (1 Bacon's Life and Accident Ins. sec. 336.) This rule excludes hired servants, boarders who pay for their board, and all other lodgers or members of the household who pay to the head of the house for the service that is rendered. It also excludes creditors of the insured. The beneficiary must not only be dependent upon the member in a material degree for support or maintenance or assistance, but the obligation on the part of the member to furnish it must rest upon some moral or legal or equitable ground. (*McCarthy* v. *Order of Protection,* 153 Mass. 314.) The Massachusetts court in that case was passing upon a statute very similar to ours, the societies in that State being organized "for the purpose of assisting widows, orphans or other relatives of deceased members or any persons dependent upon deceased members." It is said in that case: "Nor is there anything in the statute which requires that the dependent person should be legally or wholly dependent upon a member. On the contrary, the enumeration of a class of persons who would be legally dependent upon another, followed by a phrase distinctly intended to include other persons, would seem to establish conclusively that legal dependency was not the test. Nor can it be justly said that if the beneficiary is dependent in part he or she is not dependent. Cases will readily occur to one in which persons are partly supported or partly assisted by others. It would be giving an unnecessarily harsh construction to a statute which the court has said should be construed 'liberally and in such a manner as to carry out the benevolent purpose sought to be provided for,'

to hold that such cases were excluded from it." In *Ballou* v. *Gile,* 50 Wis. 614, the court said in defining the word "dependent," occurring in a statute similar to ours: "We think the true meaning of the word 'dependent,' in this connection, means some person or persons dependent for support in some way upon the deceased." The cases generally hold upon this question that it is sufficient to show that a beneficiary is a dependent if he receives some substantial support or assistance from the insured, such as food, clothing, lodging or education, as named in this particular policy in question, or some other substantial aid and support, provided such aid or support rests upon some moral or legal or equitable ground and not upon the purely voluntary or charitable impulses or disposition of the member.

The appellee and Miss Ryan were the very closest of friends. Their relationship was not mercenary or contractual, so far as this record shows. They were constant companions in sickness and in health, and supported each other during their sicknesses, according to the testimony of witnesses, in the same way that sisters aid each other. While it does not positively appear by the evidence, the inference is that Miss Ryan always lived in the home of Miss Heffernan and her father and brother as a member of the family would live, and that after the death of the father and brother of Miss Heffernan they were mutual supports and aids to each other, Miss Ryan being the housekeeper and Miss Heffernan furnishing Miss Ryan with lodging, and both aiding each other and waiting upon each other in sickness and mutually contributing to the food they both ate. This evidence tends strongly to support the contention that appellee was a dependent of Miss Ryan, if not a member of her family, and she is entitled to recover said fund.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*