HAYDEN, Respondent, vs. WOMEN'S CATHOLIC ORDER OF FORESTERS, Appellant.

*May 2—May 21, 1918.*

*Life insurance: Benefit societies: Vested rights of beneficiary: Endowment certificate: Assignment to creditor: Validity: Witnesses: Competency: Transactions with person since deceased.*

1. The beneficiary named in a certificate issued to a member of a fraternal benefit society does not acquire absolute and indefeasible rights until the death of the member.
2. Where a member of a benefit society, holding an endowment certificate upon which her son had been paying the dues and assessments, made an oral agreement with him by which she

was to make him her beneficiary under such certificate and he was to continue to make such payments and was also to give her a home and care for her during her remaining years, and pursuant thereto she changed her certificate for a new one in which the son was named as beneficiary, such attempted assignment or pledge was void under provisions in the constitution of the society, made a part of its contract with the member, that "an endowment certificate cannot be made payable to a creditor, nor held wholly or in part, nor assigned, to secure any debt which may be owing by the member," and that "any assignment of an endowment certificate . . . shall be void;" and the son acquired no rights or interest in or to the certificate and its proceeds.

[3. Whether, after the mother's death, the son was a competent witness to testify to the oral agreement with her, under sec. 4069, Stats., is not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

The appeal is from a judgment in favor of the plaintiff and against the defendant for the sum of $1,247.82, damages and costs.

The action was brought on a certificate of insurance issued by the defendant, a mutual benefit association. The action was tried before a jury. Both parties moved for a directed verdict, so the issues were tried by the court.

The complaint of the plaintiff alleges, in substance, that the plaintiff's mother, Alice Gillard, was admitted to membership in the defendant organization on June 11, 1900; that the defendant at that time issued to Alice Gillard its benefit certificate for $1,000, payable to John Gillard, husband of the insured; that the defendant's constitution provided that a member may at any time, upon compliance with the laws of the order, surrender her endowment certificate and that a new certificate shall be issued payable to such beneficiary as the member may direct; that in 1910 Alice Gillard offered to transfer the insurance to the plaintiff to compensate him for money loaned and advanced to her or that might thereafter be advanced to her or for her benefit,

upon condition that he pay the dues and assessments thereon, and that this offer was accepted by the plaintiff; that pursuant to this understanding Alice Gillard complied with the laws of the defendant and changed her certificate, designating plaintiff as the beneficiary; that this certificate was delivered by Alice Gillard to plaintiff, who has since been and now is the owner and possessor thereof; that plaintiff paid all dues and assessments upon said certificate up to October, 1914, and thereafter made tender thereof to the defendant, which tender was refused; that Alice Gillard died April 11, 1915; that no change in the beneficiary was made subsequent to the naming of the plaintiff; and that there is due on the certificate the sum of $1,000.

The answer of the defendant denies the agreement as alleged between the plaintiff and Alice Gillard and that the plaintiff was named beneficiary pursuant to any such agreement; denies that plaintiff paid dues and assessments; denies that there was no change of beneficiary subsequent to plaintiff's being named, and that there is any sum whatsoever due plaintiff from the defendant upon the alleged certificate. The defendant further alleges:

(1) That the defendant's constitution provided that an endowment certificate may be made payable to nieces and nephews, and that in case a certificate is lost or beyond a member's control the member may, in writing, surrender all claims thereto and direct the issuance of a new certificate; that the issuing of such new certificate renders null and void any previous certificate issued; that on September 29, 1914, Alice Gillard made affidavit that the certificate wherein plaintiff was named beneficiary was in the hands of one who refused to surrender its possession, and that she surrendered all claim thereto and requested that a new certificate be issued payable to her niece, Mary Keenan; that, Alice Gillard having complied with the defendant's laws, the defendant, in accordance with its constitution, canceled the certificate

wherein plaintiff was named beneficiary, whereby the same became null and void, and on said date issued to Alice Gillard a new certificate wherein Mary Keenan was named beneficiary.

(2) That Mary Keenan commenced an action against the defendant in Cook county circuit court, based on the certificate wherein she was named beneficiary, and that final judgment was rendered thereon against the defendant in favor of Mary Keenan for the sum of $1,000 and costs.

(3) That the constitution of the defendant order provided that an endowment certificate cannot be made payable to a creditor in whole or in part, nor assigned to secure any debt which may be owing by the member, and that any such assignment of a certificate is void.

Both parties having made motions for a directed verdict, upon the conclusion of receiving evidence in the case the court found substantially all the material allegations of the complaint to be true. Upon the issue whether Alice Gillard had assigned an interest in the certificate to plaintiff, the court found that she had entered into an agreement with her son by which he was to give her a home and care for her during her remaining years and by which he was to pay dues and assessments on the certificate made out to him; that plaintiff continued to make payments on the certificate until such payments were refused; that both plaintiff and his mother notified the order of the agreement between them; that the defendant failed to make any inquiry as to the basis of the plaintiff's claim to a vested interest in the certificate; that the certificate was changed as stated in the answer; that there was nothing in the constitution of the order to prevent a beneficiary from obtaining a vested interest in a certificate.

As conclusions of law the court held that the plaintiff had a vested interest in the certificate in which he was named as beneficiary, which could not be divested; that the issuance of the Keenan certificate did not defeat the vested interest of

plaintiff in the certificate in which he was designated as beneficiary.

Judgment was entered awarding plaintiff recovery upon the certificate he had in his possession wherein he was designated as beneficiary.   This is an appeal from such judgment.

For the appellant there was a brief by *Hennessey, Hennessey & O'Boyle,* attorneys, and *Vincent D. Hennessey,* of counsel, all of Milwaukee, and oral argument by *Vincent D. Hennessey.*

For the respondent there was a brief by *O'Connor & Burns,* and oral argument by *George A. Burns* and *Thomas F. Hayden,* all of Milwaukee.

SIEBECKER, J.   Counsel for the respective parties have submitted exhaustive briefs upon the various questions presented by the different issues raised by the pleadings and the evidence.   Upon the view of this court that the rights of the parties are concluded by the terms and conditions of the certificate issued to Mrs. Gillard and the provisions of the constitution of the order, all other questions are rendered immaterial to the decision and need not be considered and discussed.

The plaintiff avers that he had a vested interest in the certificate he held and bases this right upon the twofold basis (1) that he had been designated the beneficiary for a valuable consideration in this certificate, and (2) that he had acquired an interest in this certificate and the proceeds thereof by an assignment of an interest to him under a parol agreement with his mother for a valuable consideration, and that the defendant had notice thereof before it issued a subsequent certificate wherein Mary Keenan was designated as the beneficiary.

The decisions of this court establish that the beneficiary named in a certificate of a benefit society organized like the

442    SUPREME COURT OF WISCONSIN.    [MAY

Hayden v. Women's Catholic Order of Foresters, 167 Wis. 437.

defendant does not acquire absolute and indefeasible rights until the death of the member to whom the certificate is issued. *Malancy v. Malancy,* 165 Wis. 642, 163 N. W. 186, and cases of this court there cited to this proposition. The provisions of sub. 5, sec. 1957, Stats., harmonize with this principle. It is also well established that the provisions of the constitution of a benefit society, made a part of its contract with a member, are binding upon the members. *Thomas v. Covert,* 126 Wis. 593, 105 N. W. 922; *Ormond v. McKinley,* 163 Wis. 205, 157 N. W. 786; *Malancy v. Malancy, supra.*

. The certificate in question provides that it is issued upon condition that the insured complies with the laws, rules, and regulations of the order. The constitution of the order provides, among its laws, rules, and regulations:

"No will shall be permitted to control the endowment or distribution of, or rights of any person to, any endowment payable by this order." Art. XV, Endowment Certificates, sec. 2, par. 3. . . . "An endowment certificate cannot be made payable to a creditor, nor held wholly or in part, nor assigned, to secure any debt which may be owing by the member. Any assignment of an endowment certificate by a member or a beneficiary shall be void." Sec. 2, par. 4.

The provisions specifically prohibit and make void any assignment, transfer, or pledge of the certificate or the proceeds thereof. It appears that the plaintiff, under the alleged arrangement with his mother, was her creditor to the extent of the moneys advanced or paid to her or paid for her as assessments and dues assessed against her as a member of the order. It is obvious that any attempted assignment or pledge thereof by Mrs. Gillard is void under the terms and provisions of the order's rules and regulations, and that plaintiff acquired no rights or interest in or to the certificate and its proceeds, and that he has no cause of action against the defendant.

The foregoing determination is on the assumption that the

plaintiff's claims would be sustained by the evidence of the alleged parol agreement between himself and his mother for an assignment and transfer to him of an interest in the certificate.    We assume this state of facts without deciding the question whether or not the plaintiff is a competent witness to testify to such parol agreement which he claims to have made with his mother, now deceased, under the provisions of sec. 4069, Stats.

Upon the foregoing consideration it follows that the trial court erred in holding that the plaintiff had a right to recover on the certificate in question.

*By the Court.*—The judgment appealed from is reversed, and the case is remanded with direction to the trial court to dismiss plaintiff's complaint.