McGOUGH, Appellant, vs. HOGAN, imp., Respondent.

*October 21, 1921—January 10, 1922.*

*Insurance: Benefit societies: Right to require certain relationship between insured and beneficiary: By-laws: Change of beneficiary: Waiver of requirement as to relationship: Void certificate: Effect on existing certificate.*

1. Though both the Illinois statute under which a benefit society was incorporated and its charter authorized it to issue certificates in favor of blood relations of an insured, the society, by a by-law, could restrict those who might be designated as beneficiaries to certain blood relations and exclude cousins other than first cousins.
2. A valid by-law of a benefit society specifying those who might be designated as beneficiaries became a part of any contract of insurance evidenced by a certificate, whether so expressed or not.
3. The right of one insured by a benefit society to change the beneficiary without the consent of the latter must be exercised in accordance with the by-laws of the society specifying those who may be designated as beneficiaries, and especially since sub. 5, sec. 1957, Stats., authorizes a change of beneficiary by complying with the by-laws of the society.
4. Where a benefit society whose by-laws excluded cousins other than first cousins as permissible beneficiaries made inquiry as to the relationship of the insured and the proposed beneficiary before issuing a certificate upon a change of beneficiary, but was mistakenly or falsely informed that the person designated was a first cousin, and, when sued after the death of the insured, paid the money into court as authorized by its by-laws and alleged that it would not have issued the certificate had it known that the person designated as beneficiary was a second cousin, there was no waiver or estoppel.

5. Under by-laws of a benefit society providing for a change of beneficiary by the surrender of the old and the issuing of a new certificate, and that the issuing of such new certificate should cancel any previous certificate, the surrender of the old certificate did not cancel it and render it void where the new certificate was invalid because designating a beneficiary not permitted by the by-laws; and the prior designation remained in full force and effect.

APPEAL from an order of the circuit court for Eau Claire county: E. C. HIGBEE, Judge.  *Affirmed*.

The plaintiff was a second cousin of Annie O'Donnell, who for a number of years prior to her death had been insured by the defendant Women's Catholic Order of Foresters, having made several changes of beneficiaries.   On January 6, 1920, the respondent, *Laura Hogan,* a niece of the insured, was the beneficiary in the then certificate, and on that day that certificate was surrendered by the insured and application made by her to have a new certificate issued in lieu thereof in which the plaintiff should be designated as beneficiary.   Such new certificate was delivered to and accepted by Annie O'Donnell about March 2, 1920.   She died April 14, 1920.   Immediately thereafter the respondent, *Laura Hogan,* notified the defendant order of her claim to the amount on such insurance contract on the ground that the certificate issued in January, 1920, to the plaintiff was not valid, the plaintiff making claim to the same fund.   This action was then commenced by plaintiff.   Thereupon the insurance company answered and prayed to be allowed to pay into court the amount of the insurance, less costs and sundry items, as provided for in its by-laws.

The plaintiff, in addition to claiming the amount of the insurance policy, also prayed to have from the respondent. *Laura Hogan,* the amount deducted from the insurance fund by the insurance company in its offer of payment into court.

By cross-complaint the respondent, *Laura Hogan,* disputed plaintiff's claim and asserted hers to the insurance fund, and made a similar claim against the plaintiff for the amount deducted by such insurance company.

The pleadings herein set forth certain by-laws of the insurance company in existence at the time of its issuing the last certificate, and among such are the following:

Sec. 128, providing for the surrender of the old and the issuing of a new certificate "payable to such beneficiary or beneficiaries as such member may direct, in accordance with the laws of the order."

Sec. 132, that the issuing of such new certificate shall cancel and render null and void any previous certificate.

Sec. 124. "The certificate shall be construed, and the rights of the order, the member, and the beneficiary shall be determined, according to the laws of the state of Illinois."

Sec. 125, that any false or fraudulent statement shall make null and void a certificate issued.

It further appeared from the cross-complaint of the respondent and the answer of the defendant company that prior to the issuance of the policy in question inquiry was made of the insured as to the exact relationship between herself and plaintiff and that the company was assured by said insured that the plaintiff was her first cousin, and the company also alleged that had it known at the time of the issuance of the certificate that the plaintiff was a second instead of a first cousin the certificate would not have been issued.

The trial court overruled the plaintiff's demurrer to so much of the answer of the respondent as in effect asserted that the plaintiff's certificate of insurance was invalid as having been issued in violation of the society's by-laws. From the order overruling such demurrer the plaintiff has appealed.

*Fred Arnold* of Eau Claire, for the appellant.

For the respondent there were briefs by *Hannan, Johnson & Goldschmidt* of Milwaukee, and oral argument by *Timothy J. Hannan*.

The following opinion was filed November 15, 1921:

Eschweiler, J. At the time of the issuing of the policy in which plaintiff was designated as beneficiary and de-

scribed as a cousin of the insured, sec. 127 of the by-laws of the society provided for the classes to whom death benefits should be made payable, designating, among others, "(8) cousins in the first degree." It is practically conceded in this case that plaintiff, though a "blood relation" and a cousin of the insured, was not, being a second cousin, within the class covered by the phrase in that by-law.

The plaintiff contends that inasmuch as the Illinois statute under which the defendant benefit society was incorporated and its charter as well specifically authorize it to issue certificates in favor of and to pay benefits to "blood relations" of an insured, it cannot enact or enforce such a provision as found in sec. 127 of its by-laws, just above quoted, in so far as the provision of the by-law attempts to limit the field of "blood relations" to cousins in the first degree only, at least in the face of a certificate such as was issued here.

The by-law in question, however, is a self-imposed restriction upon, and not an attempted enlargement of, the power granted the benefit society by the statute of Illinois and its charter thereunder. Such power thus granted marks the limit beyond which it cannot go, but it by no means follows that thereby is also determined the extent to which it must go. So far it has the right to go, but there is no legal command upon it that it must go that far. That being so, we can see no valid objection to its curtailing, by its own choice and through such a by-law, the field within which it elects to exercise such a grant of power. *Murphy v. Nowak,* 223 Ill. 301, 312, 79 N. E. 112, 7 L. R. A. n. s. 393; *Women's Catholic Order of Foresters v. Heffernan,* 283 Ill. 429, 435, 119 N. E. 426. The precise situation and relationship here presented was involved and a similar decision reached in *Rizzo v. Catholic Order of Foresters,* 176 Ill. App. 165, following *Flannery v. Gleason,* 133 Ill. App. 398, 406.

The earlier Illinois case of *Wallace v. Madden,* 168 Ill. 356, 48 N. E. 181, holding the contrary, and which was relied upon by plaintiff, is plainly overruled by the subsequent cases in that state.

This being, therefore, a valid by-law, it became a part of any contract of insurance with an insured evidenced by its certificate whether so expressed or not. *Hayden v. Women's Catholic Order of Foresters,* 167 Wis. 437, 167 N. W. 812; *Malancy v. Malancy,* 165 Wis. 642, 645, 163 N. W. 186; *Thomas v. Covert,* 126 Wis. 593, 596, 105 N. W. 922. The appointment of the plaintiff was therefore unauthorized. *Severa v. Beranak,* 138 Wis. 144, 119 N. W. 814.

The undoubted right under the law of this state of such an insured to change the beneficiary without the consent of such beneficiary must nevertheless be exercised in accordance with the by-laws of such society. *Dean v. Dean,* 162 Wis. 303, 156 N. W. 135; *Suelflow v. Supreme Lodge K. & L. of H.* 165 Wis. 291, 295, 162 N. W. 346, and cases cited in each; *Murphy v. Nowak,* 223 Ill. 301, 308, 79 N. E. 112, 7 L. R. A. N. s. 393.

This is the rule evidently recognized and codified by the provision of sub. 5, sec. 1957, Stats., expressly providing that as to such societies as the insurer here, a change of beneficiaries without the consent of the beneficiary may be had by the insured "by complying with the by-laws of the society, order, or association which issued the same." *Ormond v. McKinley,* 163 Wis. 205, 207, 157 N. W. 786; *Malancy v. Malancy,* 165 Wis. 642, 163 N. W. 186.

It appears from the pleadings here, as presented upon demurrer, that inquiry was made of the insured as to the exact relationship existing between herself and the plaintiff and that such inquiry was answered by the insured, mistakenly or falsely—and it is immaterial which,—that the plaintiff was a first cousin, instead of stating the real fact that he was a second cousin; and it is also further alleged that, if the true fact had been known, the policy making the plaintiff beneficiary would not have been issued. Such misstatement of a material fact evidently could have been successfully urged as a defense by the benefit society in an action in which plaintiff alone was concerned. *Koerts v. Grand Lodge Hermann's Sons,* 119 Wis. 520, 525, 97 N. W. 163;

*Wilhelm v. Columbian Knights,* 149 Wis. 585, 588, 136 N.
W. 160; *Hanf v. Northwestern M. A. Asso.* 76 Wis. 450,
45 N. W. 315.

Under the state of facts disclosed here, the situation is
materially different from that where such a society enters
into a contract of insurance by the issuing of a certificate
which is known by the society when issued to be in viola-
tion of or inconsistent with its by-laws, as in such cases as
*Bruger v. Princeton & St. Marie M. F. Ins. Co.* 129 Wis.
281, 290, 109 N. W. 95; or where there is inserted a provi-
sion against liability for suicide, though not authorized by
any by-laws, yet is not in violation of its charter, and being
accepted by the insured becomes binding upon him, as in
*McCoy v. Northwestern Mut. R. Asso.* 92 Wis. 577, 584,
66 N. W. 697; or where the designation of beneficiary is not
in the prescribed manner, as in *Ledebuhr v. Wis. T. Co.*
112 Wis. 657, 662, 88 N. W. 607.

The benefit society reserved to itself, by the terms of a
by-law in force at the time of the issuing of this policy, the
right to do exactly as it did in this particular case, of paying
the money, less proper deductions, into court wherever con-
flicting claims are made to the insurance fund, even though
conflicting certificates have been issued by the society.  Hav-
ing alleged as here that plaintiff's certificate would not have
been issued if the fact were known of the real relationship,
no question is here presented of any possible waiver or
estoppel.  *Faubel v. Eckhart,* 151 Wis. 155, 159, 138 N. W.
615; *Grand Lodge A. O. U. W. v. Ehlman,* 246 Ill. 555,
558, 92 N. E. 962; *Royal Arcanum v. McKnight,* 238 Ill.
349, 356, 87 N. E. 299; 2 Joyce, Ins. (2d ed.) § 746.

Under the express provisions of the by-laws of the de-
fendant society and which are but in accord with well recog-
nized principles of law, the mere surrender of the certificate
in which the defendant *Laura Hogan* was designated as
beneficiary did not thereby cancel and make it void unless
and except a valid and effectual new certificate was issued

in lieu thereof.   In default of the issuing of a valid certifi-
cate to the plaintiff, the prior designation of *Laura Hogan*
as the beneficiary remained in full force and effect.   *Smith
v. Boston & M. R. R. Asso.* 168 Mass. 213, 46 N. E. 626,
and cases cited; *Royal League v. Shields,* 251 Ill. 250, 96 N.
E. 45; *Elliott v. U. S.* 271 Fed. 1001, 1006.

It follows, therefore, that the conclusion arrived at by the
trial court was correct, that the policy issued to plaintiff
under the facts set forth in the pleadings was null and void,
and the prior certificate to the defendant *Laura Hogan* re-
mained in full force and effect at the time of the death of
the insured, and that other questions raised on this appeal
need not be discussed or determined.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on
January 10, 1922.