LOVELAND and another, Appellants, vs. LOYD, Respondent.

*October 11—November 5, 1929.*

For the appellants the cause was submitted on the brief of *Z. S. Rice* of Sparta.

For the respondent there was a brief by *Abel & Goodman* of Sparta, and oral argument by *L. J. Goodman*.

ROSENBERRY, C. J.   The sole question presented by the assignments of error in this case is, Was the evidence offered to contradict the terms of the contract properly received by the trial court?   Upon the trial the defendant admitted that the bond forwarded to him was in accordance with the terms of the written contract.   The contract provided that the bond should "protect me in the conditions of this contract."   If the bond was that the plaintiffs would perform the conditions of the contract on the plaintiffs' part to be performed, then it fully protected the defendant in the conditions of the contract.   The language used is not that customarily employed. It is considered, however, that it could mean nothing else

than that the bond was to be conditioned upon the full performance by the plaintiffs of the terms of the contract. The evidence offered on behalf of the defendant and received by the court tends directly to contradict the terms of this written instrument. This under well established principles the defendant could not do. There is no allegation of fraud, no attempt to have the contract set aside, reformed, or modified, and the plaintiffs were clearly entitled to judgment upon the record. *Ohio Elec. Co. v. Wisconsin-Minnesota L. & P. Co.* 161 Wis. 632, 155 N. W. 112.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment for the plaintiffs in accordance with the prayer of the complaint.