BLAZEI, Respondent, vs. COLOGNE, Appellant.

*October 11—November 7, 1933.*

*M. E. Davis* of Green Bay, for the appellant.
*Frank Brazner* of Green Bay, for the respondent.

NELSON, J.   It appears that the plaintiff was the owner of certain premises located in the city of Green Bay; that the defendant wished to rent them for the purpose of conducting a bakery therein; that the defendant worked about the premises for a day or two before signing the lease and

that during that time he discovered that the toilet therein was blocked and was in an unsanitary condition.

The lease contained the following agreements:

"It is hereby understood and agreed, between the parties thereto, that all the real property is in usable condition, and that the bakery equipment now in the premises is in good working condition.

"It is further stipulated and agreed that all repairs and improvements to real or personal property herein described, shall be at the expense of the party of the second part."

The trial court, over the objection of the plaintiff, permitted the defendant to testify that prior to entering into the lease and while negotiations therefor were being conducted upon the premises, the defendant called the plaintiff's attention to the blocked condition of the toilet and the plaintiff said that he would attend to it.

The jury found that on February 9th, when the defendant leased the premises, the toilet was blocked; that prior to February 9th the plaintiff agreed to attend to it, and that the plaintiff failed to have it opened up while the defendant occupied the premises.

Upon coming in of the verdict the plaintiff moved for judgment notwithstanding the verdict. The court granted this motion because it was of the opinion that evidence of the promise of the plaintiff to attend to the blocked toilet made prior to the entry into the written lease violated the parol-evidence rule and was improperly admitted.

The defendant contends that the court erred in not granting his motion for judgment on the verdict and in ordering judgment for the plaintiff notwithstanding the verdict. It is of course well established that all parol agreements made between parties involving the subject matter of a written contract must be deemed to have merged into the written contract when it is executed. *Derbeck v. Albright,* 186 Wis.

515, 203 N. W. 337. In the absence of allegations of fraud or mistake parol evidence may not properly be received to vary the terms of a written contract. *Loveland v. Loyd,* 200 Wis. 115, 227 N. W. 242. These rules are of course applicable to written lease agreements. 22 Corp. Jur. p. 1129, § 1500.

"The lease cannot be added to by showing an agreement to make . . . repairs and improvements other than those, if any, stipulated for in the instrument, nor can the stipulations of the lease in regard to these matters be varied or controlled by parol." 22 Corp. Jur. p. 1131, § 1506; *Hunter v. Hathaway,* 108 Wis. 620, 84 N. W. 996.

We think the trial court was right in holding that evidence of the oral promise of the plaintiff to attend to the blocked toilet was inadmissible.

The defendant further contends that the language, "that all the real property is in usable condition," should be construed as an agreement that the plaintiff had placed or would place the same in fit condition for use by the tenant. The meaning of the word "usable" is so clear as hardly to need definition. A usable object is one "that can be used." Webster's New International Dictionary. The undisputed evidence is that this toilet was blocked with heavy wrapping paper and that it was subsequently put in good order at an expense of only $2. We think it cannot be said that the toilet considered as real property was not usable within the meaning of that word.

*By the Court.*—Judgment affirmed.