Tees, Respondent, vs. Lee, Appellant.

*April 11—May 7, 1940.*

*Francis E. McGovern* and *John J. Devos,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Harry V. Meissner,* and oral argument by *Mr. Meissner* and *Mr. Robert L. Piper,* both of Milwaukee.

FAIRCHILD, J.   The appellant is a sole trader doing business under the name of *Vitamin Products Company.* The respondent was the owner of a distribution organization

which he had operated for several years under the name of *Vitamin Products Sales Company*. He sold this business to the appellant, who agreed to pay therefor $12,000 in $2,000 monthly instalments. In the contract it was agreed that in the event of a default of any monthly payments the total amount was to become due and payable. By the middle of June, 1939, $5,000 had been paid. Plaintiff brought this action to recover the balance of $7,000 now claimed to be due. Appellant seeks to avoid liability and claims: (1) That there exists an agreement not included in the written contract of sale between him and respondent in which respondent agreed to refrain from engaging in a competing business in the territory prescribed for a period of two years; and (2) that by "letters, advertisements, announcements and other devices he [respondent] solicited, enticed and encouraged said members of said distributors' organization to terminate their relations with defendant."

With reference to the alleged agreement not to enter into competition with appellant for two years, the trial court was of the opinion that the appellant's claim could not be sustained, since no mention is made of the matter in the written instrument embodying the terms of the agreement of sale entered into by the parties. The appellant in his answer says that the negotiations for the contract of settlement consumed several weeks, and the terms were frequently discussed by the parties and their attorneys; "that during such discussions the defendant requested a written agreement on the part of the plaintiff that he would not, for a period of two years, engage in the manufacture or sale of any vitamin products within the territory described in the contract of March 3, 1937, and plaintiff stated repeatedly that such a provision was unnecessary for the reason he had no intention of engaging in a similar business at any time in the future, and thereupon orally agreed that he would not so engage or compete with the defendant in any manner whatsoever."

That such a promise was made was denied by the respondent, but under the ruling of the circuit court no evidence could be adduced because of the parol-evidence rule, and the question first to be considered is the correctness of that ruling.

This is not a suit to reform a contract nor is there any claim of fraud having been resorted to by the respondent to induce appellant to purchase respondent's existing business and the facilities of his organization. As to this point it seems that the length of time consumed in the negotiations and the discussion of the very stipulation now claimed to exist and to constitute the independent agreement, together with plaintiff's refusal to have that stipulation included in the memorandum of sale, furnish sufficient reason for the holding that appellant was attempting to vary the terms of the written instrument by oral testimony.

Parol evidence is admissible to alter the terms of a written instrument only when: (1) It does not contradict, vary, add to, or subtract from the terms of a valid written agreement, or (2) fraud, mistake, or accident are shown to be present. 2 Jones, Evidence (4th ed.), p. 819, § 434; 68 A. L. R. 240; 70 A. L. R. 758; 10 R. C. L. p. 1016, § 208, ff; *Kipp v. Laun,* 146 Wis. 591, 131 N. W. 418; *Blazei v. Cologne,* 213 Wis. 48, 250 N. W. 752; *Marshall v. Wittig,* 213 Wis. 374, 251 N. W. 439; *Hampton Plains Realty Co. v. Melvin Co.* 214 Wis. 128, 252 N. W. 572; *Beers v. Atlas Assurance Co.* 215 Wis. 165, 253 N. W. 584. The written document pertaining to obligations assumed by each of the parties being set out with great detail and exactness, and being signed by both parties, is convincing that the effort and intention was to place within the four corners of the writing all that needed to be expressed in order to declare the minds of the contracting parties in relation to the sale and purchase of the business and to cover the whole field in the written contract. *John O'Brien Lumber Co. v. Wilkinson,* 117 Wis. 468, 94 N. W. 337.

In Wisconsin a contract for the sale of one's business and good will does not embody a promise not to compete in the future, unless that stipulation be expressly set out. *Washburn v. Dosch,* 68 Wis. 436, 32 N. W. 551; 24 Am. Jur. p. 814, § 18, ff; 4 Page, Contracts (2d ed.), p. 4278, § 2412.

The parol-evidence rule is designed to give certainty to a transaction which has been reduced to writing, and it is reasonable to prohibit oral additions or contradictions. Having integrated their stipulations into a written instrument, the parties are to be protected against doubtful veracity of interested witnesses and uncertain memory of the disinterested concerning the terms of their agreement.

The appellant seems to see in *Lazar v. Berg,* 179 Wis. 610, 191 N. W. 966, some rule or analogy to sustain his contention that the trial court erred in excluding testimony as to the existence of the so-called independent contract not to compete. In the *Lazar Case, supra,* there was no general writing on its face obviously complete as there is in this case with reference to the sale of the business. There the transaction was made by executing a bill of sale and by making oral agreements to assist the purchaser in the business, and to refrain from competing for an agreed period of time. Here the contract on its face is complete so far as a sale of the business is concerned and it is admitted that the subject of competition was discussed during the days of negotiation and that respondent refused to sign a written agreement containing an agreement not to compete. Such an agreement is not in the written contract finally executed, because the respondent did not consent to its being there. The ruling below excluding the evidence was correct. *Beers v. Atlas Assurance Co., supra;* 70 A. L. R. 770. That there was some understanding with relation to an old indebtedness of appellant to respondent does not affect the completeness of the writing showing the sale of respondent's business. That agreement is not in conflict with the written agreement.

The appellant's claim that the respondent interfered with contracts between the appellant and his distributors does not find support in the evidence. There is no evidence that any distributor's contract with appellant was affected in any way by anything the respondent did. The appellant evidently feels that respondent's announcement of his entering into the employment of Cheplin Biological ·Laboratories, Inc., was artfully contrived to carry the suggestion that he would be glad to succeed in his new enterprise at the expense of the appellant, but this is a too doubtful inference from the evidence presented at the trial to be of any force. When the appellant received a copy of the announcement he extended his congratulations to the respondent and expressed a wish for his success. There is no evidence that the respondent solicited trade from appellant's agents or in any way interfered with the business relations existing between distributors and the appellant. His counterclaim in this respect is without foundation. 4 Page, Contracts (2d ed.), p. 4278, §§ 2412–2420.

The trial court found that there had been no interference with appellant's contracts, and the testimony offered to support the claim that appellant's business fell off during the summer of 1939 because of the respondent's acts need not be treated with at any length. No damages are shown to have been caused by anything the respondent is claimed to have done, and the loss in business, if any occurred, appears to be due to causes other than those for which respondent is responsible. It is considered that the rulings below must be sustained.

*By the Court.*—Judgment affirmed.