Lee, Special Administrator, and others, Appellants, v.
Preiss, Respondent.

*October 29—November 27, 1962.*

110

For the appellants there was a brief and oral argument by *Henry L. Arnold* of Milwaukee.

For the respondent there was a brief and oral argument by *Henry A. Tessmer* of Milwaukee.

FAIRCHILD, J.   The position of defendant Preiss appears to be that where, under a life insurance contract, the insured has the right to change the beneficiary and does so, the beneficiary under the designation in effect at the time of death is entitled to the proceeds, notwithstanding the insured's extraneous agreement with a former beneficiary not to change the designation or other promises and representations of the type alleged in the complaint.   Defendant sufficiently established in support of her motion for summary judgment, that the contract reserved to the insured the right to change the beneficiary and that she was the beneficiary under the designation in effect when the insured died.   She contends that as a matter of law these facts were sufficient to defeat the plaintiffs and that the alleged promises and representations, the alleged fraudulent intent pursuant to which she was named as beneficiary, and her alleged knowledge of these matters are immaterial even if they can be proved.

Insofar as the obligation of the insurer to pay the proceeds of the contract to defendant Preiss as beneficiary is concerned, defendant's position is correct.   The obligation of the insurer is to be determined by its contract.   Because of the widespread use of life insurance, it would, moreover, be poor public policy to impose on the insurer the burden of determining issues such as are raised in this case before it could safely pay the proceeds to the beneficiary designated

in compliance with the contract. There is no claim that the contract had been assigned.

In the case before us, however, the insurer has discharged its obligation by paying the proceeds into court in an action to which the beneficiary is a party. That being done, the contest is between the named beneficiary and those who claim a superior right by reason of circumstances in which the insurer was not involved. Thus the question presented is whether the promises and other circumstances alleged, if proved, would establish any equitable rights of plaintiffs to the proceeds. The situation is analogous to that where one party holds legal title to property, and another claims that as a matter of equity a constructive trust should be imposed in his favor, or that some other type of equitable relief should be afforded. The issue would not be much different if the insurer had paid the proceeds to the named beneficiary and then plaintiffs had brought an action against her to establish rights to the funds in her possession.

It must be acknowledged that there are two decisions of this court which support defendant's position that the circumstances alleged give rise to no equitable rights which can supervene defendant's legal right to the fund.

In *Faubel v. Eckhart* [1] the insured promised to make his minor children beneficiaries of his life insurance policy upon the condition that his divorced wife release him from all claims for alimony. The agreement was performed in full by his wife, but insured failed to change the beneficiary of his policy as he had promised. After insured's death, the insurer paid the proceeds into court and the right to the fund was litigated between the named beneficiaries and the former wife and children. The court held that the children had no right, legal or equitable, in the fund except for a portion which had been made payable to the estate of the insured. Among the reasons given for adhering to the rule awarding

[1] (1912), 151 Wis. 155, 161, 138 N. W. 615.

the proceeds to the properly designated beneficiary, it was said that the rule—

". . . is simple, consistent, and easily understood and applied. It will diminish the occasions for family quarrels and the temptation to perjury in making proof of oral and comparatively secret agreements to change beneficiaries. The equities in the instant case, as is well remarked by the learned circuit judge, are with the respondents. But equity follows the law in such case, and wisdom, we think, forbids the engrafting of subtile and numerous exceptions upon the rule that, generally speaking, the power to change the beneficiary must be exercised conformably to the regulations of the insurer."

In *Malancy v. Malancy* [2] insured, after naming his wife as beneficiary, pursuant to an agreement, designated a different beneficiary. After the death of insured, the insurer paid the proceeds into court, and the action was at issue between the wife and the beneficiary later named. The court held:

"Under the statutes, sub. 5, sec. 1957, the by-laws of the association, and the adjudications of this court the deceased had the power to change the beneficiaries of his certificate as he did, and the plaintiff had no legal or equitable right to the proceeds of the certificate in question as against the defendant who was named by the insured as the sole beneficiary."

However, in *Bromley v. Cleveland, C., C. & St. L. R. Co.* [3] and in *Truelsch v. Miller* [4] we recognized that where life insurance premiums had been paid with money wrongfully taken from another, the court would, for the benefit of the injured party, impress a constructive trust on the life insurance proceeds in the hands of the named beneficiary. And in *Hurd v. Doty* [5] we held that an agreement between an insured and a named beneficiary to pay the proceeds of the

[2] (1917), 165 Wis. 642, 645, 163 N. W. 186.
[3] (1899), 103 Wis. 562, 567, 79 N. W. 741.
[4] (1925), 186 Wis. 239, 251, 202 N. W. 352.
[5] (1893), 86 Wis. 1, 56 N. W. 371. See also *Guardianship of Thienhaus* (1921), 175 Wis. 526, 532, 185 N. W. 531.

policy to a third party was enforceable by the third party against the proceeds. Thus this court has recognized that factors *de hors* the insurance policy may create a right to insurance proceeds in someone other than the named beneficiary.

Except for the reason stated in *Faubel*,[6] that a refusal to recognize equitable rights based on a contract to designate a certain beneficiary will defeat claims supported by doubtful evidence, we perceive no reason of policy supporting such refusal. The strict rule works so as to defeat clearly established claims as well as doubtful ones. It seems to us that where proof of the claimed contract is doubtful, careful scrutiny by the trial court of the credibility of the witnesses and the probative value of the evidence will be an adequate protection.

Other authorities have reached a view which differs from the Wisconsin decisions in *Faubel* and *Malancy, supra.*

Couch's treatise on insurance states: [7]

"A beneficiary may acquire a vested interest by contract based upon a valuable consideration that will be protected against subsequently named beneficiaries who have no superior equity, and a court of equity will not permit a change of beneficiary in favor of a donee that will prejudice the rights of a person whom the insured has made beneficiary in accordance with a contract based upon a valuable consideration, since the rights of the beneficiary are vested by virtue of the contract."

In *Hundertmark v. Hundertmark*[8] plaintiff's divorced husband had agreed to retain her as beneficiary of his life insurance policy. The Pennsylvania supreme court allowed plaintiff to recover the proceeds from the subsequently named beneficiary, decedent's second wife. The court stated:

[6] *Supra,* footnote 1.
[7] 4 Couch, Insurance (2d ed.), p. 571, sec. 27:64.
[8] (1952), 372 Pa. 138, 142, 145, 93 Atl. (2d) 856, 858, 859.

"Our cases have uniformly recognized that a contract not to change the beneficiary, entered into by an insured and his designated beneficiary for a valuable consideration, is binding as between the insured, or his volunteer, and the contractually determined beneficiary and will be enforced in equity. . . .

"So far as the insurance company is concerned, the one entitled to the proceeds of a policy, upon its accrual as a liability of the company, is the person named at the time as the beneficiary of the policy in accordance with the company's rules and regulations. That is an entirely different matter than the question which this litigation presents."

The Iowa supreme court has held:

". . . where the beneficiary is named pursuant to a contract for a valuable consideration, the circumstances may be such that the beneficiary may acquire a vested interest in the insurance so that the insured will be without power to change the designation of beneficiary." [9]

And the Michigan supreme court has held:

". . . a court of equity will not permit a change [of beneficiary] in favor of a donee that will prejudice the rights of a person whom he has made beneficiary in accordance with a contract to that effect, for which he has received a valuable consideration, for thereby the rights of the beneficiary become vested." [10]

We also note that the Restatement, Restitution, recognizes that a named beneficiary may hold the proceeds of a life insurance policy in constructive trust for the benefit of another.

"(1) Where a person who takes out a life insurance policy payable to one beneficiary is induced to substitute a new

[9] *Stolar v. Turner* (1946), 237 Iowa 593, 605, 21 N. W. (2d) 544, 550.
[10] *MacDonald v. Conservative Life Ins. Co.* (1940), 292 Mich. 182, 186, 290 N. W. 372, 374.

beneficiary by the fraud, duress, or undue influence of the new beneficiary, the latter holds the proceeds of the policy on the death of the insured upon a constructive trust for the original beneficiary.

"(2) Where a beneficiary of a life insurance policy wrongfully prevents the insured from substituting a new beneficiary, he holds the proceeds of the policy on the death of the insured upon a constructive trust for the intended beneficiary." [11]

In *First Wisconsin Nat. Bank v. Roehling* [12] we held that a change of beneficiary is not a conveyance within the meaning of the Uniform Fraudulent Conveyance Act, [13] and that the general creditors of a decedent could not reach the proceeds of a life insurance policy, where decedent had changed the beneficiary from his estate to his wife and daughter. This, however, does not prevent an examination of relative equities where the insured had contracted not to change the beneficiary of his life insurance policy.

Insofar as *Faubel v. Eckhart* [14] and *Malancy v. Malancy* [15] hold that an agreement between the insured and another with respect to designation of a beneficiary of a life insurance contract can confer on the promisee, in equity, no rights in the proceeds superior to those of the named beneficiary, they are overruled.

Liberally construed, the complaint alleges that for a consideration furnished by Mrs. Kresge, Mr. Kresge promised either to retain her as beneficiary or to name the children; that defendant Preiss furnished no consideration in return for designating her as beneficiary and that she knew of the alleged promises. We conclude that if the facts alleged are proved, they will be a sufficient basis for equitable relief

[11] Page 755, sec. 185.
[12] (1937), 224 Wis. 316, 269 N. W. 677, 272 N. W. 664.
[13] Sec. 242.01 (2), Stats.
[14] *Supra,* footnote 1.
[15] *Supra,* footnote 2.

and that they were not rendered immaterial by the fact that defendant was the beneficiary in the designation in effect at the time of death. The facts shown by defendant on her motion did not establish a defense sufficient to defeat the plaintiffs under the summary-judgment statute, sec. 270.635 (2), Stats.

Plaintiffs produced several affidavits purporting to show that the alleged promises were made, and defendant contends that the affidavits were not sufficient to defeat a motion for summary judgment. Defendant's motion, however, had not been directed at the truth of these allegations. She produced no evidentiary facts to refute them. Accordingly, plaintiffs did not have the burden of producing affidavits to support them. Therefore it is unnecessary to consider the challenges to the sufficiency of the affidavits which were filed.

The judgment in favor of the insurer is supported by stipulation.

*By the Court.*—Judgment affirmed insofar as it dismissed the complaint against Aetna Life Insurance Company. In all other respects it is reversed, and cause remanded for further proceedings.

GORDON, J., took no part.