**AMERICAN CASUALTY COMPANY, an Illinois Corporation, Plaintiff,**

v.

**M. S. L. INDUSTRIES, INC., HOWARD INDUSTRIES DIVISION; a Wisconsin Corporation, First National Bank of Kenosha, as Executor for Estate of Elmer E. Stanley, Deceased, Defendants.**

No. 66-C-239.

United States District Court
E. D. Wisconsin.

May 6, 1968.

Robert A. Slattery, Milwaukee, Wis., for plaintiff.

John J. Burke, Milwaukee, Wis., and David P. List, Chicago, Ill., for defendant, M. S. L. Industries, Inc.

Robert E. Newman, Kenosha, Wis., for defendant, First Nat. Bank of Kenosha, as Exr. for Estate of Elmer E. Stanley, Decd.

## OPINION AND ORDER

REYNOLDS, District Judge.

Plaintiff, American Casualty Company, brought this civil action of interpleader, pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, in order to determine the beneficiaries of an insurance policy issued to M. S. L. Industries, Inc., on the life of one of its employees, Elmer E. Stanley. The real disputants, both technically defendants, are M. S. L. Industries, Inc., and the First National Bank of Kenosha as executor of Elmer E. Stanley's estate. For convenience, this opinion refers to the disputants respectively as "MSL" and the "Estate."

Prior to October 29, 1965, MSL purchased a group life insurance policy from plaintiff that covered certain employees in its Howard Industries Division, including Elmer E. Stanley. At that time MSL paid $54.50 for coverage of Mr. Stanley. On October 29, 1965, a certificate of insurance was issued insuring Mr. Stanley's life for $50,000, and on the same day the policy went into full force and effect. On November 5, 1965, Mr. Stanley left on vacation, and on November 13, 1965, he died as a result of a fire at sea. It is agreed that one-half of the $50,000 policy should go to Elmer E. Stanley's estate. The issue in this trial is the disposition of the remaining $25,000.

At the trial, evidence was introduced as to the background of the group insurance arrangement at issue in this case. It appeared that employees covered by this policy were supposed to designate MSL as beneficiary of one-half the proceeds of the policy. This was to be done by filing a written designation of beneficiary with the insurance company on forms supplied by the insurance company. A provision of the insurance policy dealing with "PAYMENT OF CLAIMS" provides:

"Indemnity for loss of life will be payable in accordance with the beneficiary designation and the provisions respecting such payment which may be prescribed herein and effective at the time of payment."

However, it also provides:

"If no such designation or provision is then effective, such indemnity shall be payable to the estate of the Insured Person."

Elmer E. Stanley never filled out or filed a designation of beneficiary. The insurance forms were not delivered until after November 5, 1965, the date he left on vacation. Thus, the Estate claims that it is entitled to the whole proceeds of the insurance policy under the above-quoted provision which gives the proceeds to the estate in the absence of a designation of beneficiary.

In reply, MSL claims that this provision is not controlling under the circumstances of the case. In support of its position, MSL sought to introduce the testimony of W. Arthur Ernst, Works Manager of the Howard Industries Division of MSL and a brother-in-law of the deceased, Elmer E. Stanley. At the trial, objection to his testimony was sustained under the Wisconsin Dead Man's Act. Wis.Stat.Ann. § 885.16. However, MSL's offer of proof adequately indicated that Mr. Ernst would testify as follows: that he had discussed MSL's offer of insur-

ance coverage with Mr. Stanley, that Mr. Stanley understood the provisions of the policy, and that Mr. Stanley agreed to designate MSL as beneficiary of one-half the proceeds.

■ After deliberation, this court has concluded that it erred in sustaining the objection grounded in the Dead Man's Act. The court believes that Mr. Ernst was neither a director, officer, nor shareholder of MSL and hence does not fall within the coverage of the Wisconsin Dead Man's Act. Wis.Stat.Ann. § 885.16. However, this error was not prejudicial. In our view, even on the assumption that MSL proved all that it offered to prove, it would still not be entitled to judgment in this action.

In the first instance, the contract between MSL and the American Casualty Company determines the rights of the parties. Besides the section providing that in the absence of a designation of beneficiary proceeds are payable to the estate of the insured person, the contract contains these relevant provisions:

"ENTIRE CONTRACT; CHANGES: This Policy (including the endorsements and attached papers) and the Application of the Policyholder constitute the entire contract between the parties, and any statement made by the Policyholder shall be deemed a representation and not a warranty. No such statement shall avoid the insurance or reduce the benefits under this Policy or be used in defense to a claim hereunder unless it is contained in a written application. No change in this Policy shall be valid unless approved by an executive officer of the Company and unless such approval be endorsed hereon or attached hereto. No agent has authority to change this Policy or to waive any of its provisions.
* * * * * *

"DESIGNATION AND CHANGE OF BENEFICIARY; ASSIGNMENT: The Insured Person shall have the right, on forms furnished to the Policyholder by the Company, to designate a beneficiary or beneficiaries. The right

to change of beneficiary is reserved to the Insured Person * * *. No change of beneficiary or assignment of interest under the Policy shall be binding upon the Company until the original or a duplicate thereof is received in the Home Office of the Company in Reading, Pennsylvania. * * "

■■ As appears from the above, the written contract between American Casualty Company and MSL clearly purports to be the whole of the agreement between those two parties and also clearly governs the disposition of proceeds when no written election of beneficiaries has been filed with the insurance company. Thus, one might expect the parol evidence rule to apply. "The parol evidence rule prohibits the use of oral testimony of prior or contemporaneous negotiations to vary the terms of a written instrument complete upon its face." O'Connor Oil Corp. v. Warber, 30 Wis.2d 638, 642, 141 N.W. 2d 881, 883 (1966). " * * * the rule is that parol evidence is inadmissible to vary, alter, or contradict a written instrument where the instrument is complete, unambiguous, and valid, or there is no fraud, accident, or mistake, or claim or allegation thereof, with respect to the instrument." 32A C.J.S. Evidence § 851, pp. 213–215; cf. 32A C.J.S. Evidence § 901; see also, e. g., Tees v. Lee, 234 Wis. 607, 291 N.W. 792 (1940). In short, one might expect the law to be that the written contract must rule and that the whole of the proceeds are payable to the Estate.

However, Lee v. Preiss, 18 Wis.2d 109, 118 N.W.2d 104 (1962), which was cited to the court during oral argument, establishes that under Wisconsin law, the issue is not quite so easily resolvable. Like the case presently before this court, the Lee case involved a dispute between the two parties over the distribution of the proceeds of an insurance policy. As in the present case, the insurance company had paid these proceeds into court hoping for a court determination of who was entitled to them.

In Lee v. Preiss, supra, plaintiffs were the divorced wife and children of the

deceased insured. They alleged that he "orally agreed to keep the life insurance in force for the purpose of repaying [the wife] for the support of his [children], he having failed to pay support money as directed by the court during the divorce action. From time to time thereafter until his death, [the husband] represented, in order to induce [the wife] to refrain from proceedings to enforce the court's order to pay support money, that either [the divorced wife or the children] were the named beneficiaries. * * * however, with intent to cheat [the wife and children], he changed the beneficiary, naming defendant * * *. It was alleged that [the defendant] was aware of all these facts." Id. at 110, 118 N.W.2d at 105.

Defendant established that the insurance contract reserved to the insured the right to change the beneficiary and that she was the beneficiary under the designation in effect when the insured died. Id. at 111, 118 N.W.2d 104. She argued that as a matter of law these facts were sufficient to defeat the plaintiffs and that plaintiffs' allegations were entirely immaterial, even if they could be proved.

The Wisconsin Supreme Court overruled an earlier line of cases—Malancy v. Malancy, 165 Wis. 642, 163 N.W. 186 (1917); Faubel v. Eckhart, 151 Wis. 155, 138 N.W. 615 (1912)—and held that plaintiffs were entitled to prove their allegations. The court said that in an action in the nature of an interpleader, when the insurance company was not a real party in interest, " * * * the contest is between the named beneficiary and those who claim a superior right by reason of circumstances in which the insurer was not involved. Thus the question presented is whether the promises and other circumstances alleged, if proved, would establish any equitable rights of plaintiffs to the proceeds. The situation is analogous to that where one party holds legal title to property, and another claims that as a matter of equity a constructive trust should be imposed in his favor, or that some other type of equitable relief should be afforded.

* * *" Lee v. Preiss, 18 Wis.2d 109, 112, 118 N.W.2d 104, 106 (1962).

The court also held that " * * * if the facts alleged are proved, they will be a sufficient basis for equitable relief and that they were not rendered immaterial by the fact that defendant was the beneficiary in the designation in effect at the time of death. The facts shown by defendant on her motion did not establish a defense sufficient to defeat the plaintiffs under the summary-judgment statute * * *." Id. at 116–117, 118 N.W. 2d at 108.

■ Thus, under Wisconsin law, claimants to proceeds of life insurance policies may establish facts sufficient to prove equitable entitlement to the proceeds, even if the written terms of the policy, along with written designations of beneficiaries, unambiguously indicate that the proceeds are payable to another. Under this analysis, the sole issue remaining before this court is whether MSL or the Estate is equitably entitled to the proceeds. In the face of the express provisions of the insurance contract and the strong policy of the law against oral alteration of written contracts, this court believes that MSL must establish its claim to equitable entitlement by a clear and convincing showing.

No such showing has been made. No unusual circumstances are present to justify the intervention of a court of equity. It is true that the premium was paid by MSL and that Mr. Stanley was agreeable to designating MSL as beneficiary of one-half the proceeds. On the other hand, the premium paid by MSL might be viewed as a form of compensation to Mr. Stanley for services rendered to the company. Mr. Stanley's behavior seems to have been exemplary; he appears to have been guilty of no quasi-fraudulent behavior like that alleged in Lee v. Preiss, 18 Wis.2d 109, 118 N.W. 2d 104 (1962). From one standpoint, MSL is only out-of-pocket to the extent of $54.50. MSL made the contract with the insurance company, was presumptively familiar with its terms, could have

gotten some form of written designation from Mr. Stanley before he left on vacation, and, in short, could have and should have protected itself by seeing to it that employees promptly filed the written designations contemplated by the contract.

In these circumstances, the case does not fall within the limited realm of the Lee v. Preiss doctrine. No claim to equitable entitlement has been established. The unambiguous terms of the written contract must prevail.

The foregoing opinion constitutes this court's findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

It is hereby ordered that the entire amount of the $50,000 insurance policy issued on the life of Elmer E. Stanley, deceased, be paid to the First National Bank of Kenosha as executor for the estate of Elmer E. Stanley, deceased, and the Clerk of Court is hereby directed to enter judgment in accordance with this opinion.