406 F.2d 1219
 AMERICAN CASUALTY COMPANY, an Illinois corporation, Plaintiff-Appellee,
v.
M.S.L. INDUSTRIES, INC., HOWARD INDUSTRIES DIVISION, a
Wisconsin corporation, Defendant-Appellant, and
First National Bank of Kenosha, as
Executor for Estate of Elmer
E. Stanley,
Defendant-Appellee.
 No. 17065.
 United States Court of Appeals Seventh Circuit.
 Feb. 7, 1969.
 
 David P. List, Henry L. Mason, III, Chicago, Ill., John J. Burke, Milwaukee, Wis., Leibman, Williams, Bennett, Baird & Minow, Chicago, Ill., Burke & Schoetz, Milwaukee, wis., of counsel, for appellant.
 Robert E. Newman, Kenosha, Wis., Robert A. Slattery, Milwaukee, Wis., Lucareli, Newman & Ungemach, Kenosha, Wis., for appellee.
 Before CASTLE, Chief Judge, and DUFFY, Senior Circuit Judge, and KILEY, Circuit Judge.
 CASTLE, Chief Judge.
 
 
 1
 This appeal arises from an interpleader action brought by American Casualty Company to determine the beneficiaries of a $50,000 life insurance policy issued to appellant, MSL Industries, on the life of Elmer E. Stanley, a plant manager of MSL's Howard Industries Division. The executor of Mr. Stanley's estate, the First National Bank of Kenosha, Wisconsin, claimed all the proceeds, and MSL claimed half the proceeds. The district court, in an opinion reported at 283 F.Supp. 757 (E.D.Wis.1968), awarded all of the proceeds of the policy to the estate.
 
 
 2
 MSL paid the premium on the insurance policy in question under a plan in which life insurance was provided for selected employees. MSL alleges that under the plan the employees selected were required to name MSL, which was also the policy holder, beneficiary of half the proceeds. It is claimed that Mr. Stanley failed to sign the usual beneficiary form since he left for vacation before the forms were supplied by the insurance company. While on vacation, Mr. Stanley died in a fire at sea and thus never signed a beneficiary form. The policy provided that in absence of designation of a beneficiary, the proceeds would be payable to the estate.
 
 
 3
 At trial, MSL adduced evidence showing its consistent requirement that it be designated beneficiary of half the proceeds of the insurance policies it purchased for employees. MSL also set forth, in an offer of proof, that the Vice President of Marketing of the Howard Industries Division would have testified that he had explained the plan to Stanley, who orally agreed to designate MSL as beneficiary of half the proceeds. The district court, however, sustained the estate's objection to this testimony on the basis of the Wisconsin Dead Man's Act, Wisconsin Stat.Ann. 885.16.
 
 
 4
 Although the court below later reversed its decision on the applicability of the Dead Man's Act, it held that 'even on the assumption that MSL proved all that it offered to prove, it would still not be entitled to judgment in this action' since it did not 'establish its claim to equitable entitlement by a clear and convincing showing.' 283 F.Supp. at 759, 760.
 
 
 5
 The first issue on appeal is whether the district court was correct in holding the Wisconsin Dead Man's Act inapplicable. That statute provides that 'no stockholder, officer or trustee of a corporation from, through or under whom' the corporation derives its beneficial interest is competent to testify as to transactions with a deceased person. The district court found that the Vice President of Marketing of the Howard Industries Division, W. Arthur Ernst, 'was neither a director, officer, nor shareholder of MSL and hence does not fall within the coverage of the Wisconsin Dead Man's Act.' 283 F.Supp. at 759. We agree.
 
 
 6
 First of all, Ernst, who had once been a stockholder of MSL, had sold his stock by the time of trial, thus removing any objection on the ground that he was a stockholder of the corporation. Will of McNaughton, 138 Wis. 179, 188, 118 N.W. 997, 120 N.W. 288 (1908). Second, there is no contention that Ernst was a trustee of MSL. Finally, Ernst was only an officer of MSL's unincorporated Howard Industries Division, not of the corporation itself.
 
 
 7
 Since statutes in derogation of the common law, such as the Dead Man's Act, must be strictly construed, Treglown v. Dept. of Health & Social Services, 38 Wis.2d 317, 156 N.W.2d 363, 368 (1968), and since Mr. Ernst does not fall within the generally accepted meaning of a corporate officer, we hold that he does not fall within the coverage of the statute and therefore his testimony should have been admitted.
 
 
 8
 We come, then, to the issue of whether the district court applied the correct legal principles in finding for the estate. We hold that it did not, and accordingly reverse the judgment entered below and remand the case for further proceedings.
 
 
 9
 The district court held that even if MSL proved all that it offered to prove, the estate would still be entitled to all the proceeds. Thus, the issue is whether MSL, the holder and purchaser of the policy, would be entitled to half the proceeds by virtue of an oral agreement on the part of the insured, Mr. Stanley, to designate MSL as beneficiary of half the proceeds. The court below relied on the following pertinent provisions of the policy:
 
 
 10
 'Entire Contract; Changes: This Policy (including the endorsements and attached papers) and the Application of the Policyholder constitute the entire contract between the parties, and any statement made by the Policyholder shall be deemed a representation and not a warranty. No such statement shall avoid the insurance or reduce the benefits under this Policy or be used in defense to a claim hereunder unless it is contained in a written application. No change in this Policy shall be valid unless approved by an executive officer of the Company and unless such approval be endorsed hereon or attached hdreto. No agent has authority to change this Policy or to waive any of its provisions. 'Indemnity for loss of life will be payable in accordance with the beneficiary designation and the provisions respecting such payment which may be prescribed herein and effective at the time of payment. If no such designation or provision is then effective, such indemnity shall be payable to the estate of the Insured Person. 'Designation and Change of Beneficiary; Assignment: The Insured Person shall have the right, on forms furnished to the Policyholder by the Company, to designate a beneficiary or beneficiaries. The right to change of beneficiary is reserved to the Insured Person. * * * No change of beneficiary or assignment of interest under the Policy shall be binding upon the Company until the original or a duplicate thereof is received in the Home Office of the Company. * * *'
 
 
 11
 The estate contends that the written insurance policy is the entire contract and that since the insured did not file a written designation of beneficiaries, all the proceeds are payable to the estate as provided in the policy. The estate also argues that the parol evidence rule bars the admission of oral evidence which would vary, alter, or contradict the written contract, in the absence of a claim of fraud, accident, or mistake. See O'Connor Oil Corp. v. Warber, 30 Wis.2d 638, 642, 141 N.W.2d 881 (1966).
 
 
 12
 However, as the district court recognized, the Supreme Court of Wisconsin rejected similar contentions in Lee v. Preiss, 18 Wis.2d 109, 118 N.W.2d 104 (1962). In that case, the insured had promised orally to keep his divorced wife, who had been the named beneficiary, or his children as beneficiaries under the insurance policy for the purpose of repaying the wife for the support of his children, he having failed to pay support money as directed by the divorce court. However, with the alleged intent to cheat the wife and children, he changed the beneficiary to the defendant's name. The wife and children sued the insurer and the named beneficiary, alleging that the latter was aware of all the facts. As in the case at bar, the insurer paid the proceeds into court, leaving the contest between 'the named beneficiary and those who claim a superior right by reason of circumstances in which the insurer was not involved.' The named beneficiary in that case, as in the instant case, took the position that the extraneous promises of the insured could not alter the rights of the beneficiary named pursuant to the written insurance contract.
 
 
 13
 The Supreme Court reversed the summary judgment granted to the named beneficiary and remanded the case for further proceedings. Analogizing the situation to one involving a constructive trust, Justice Fairchild, now a Circuit Judge of this court, stated the issue as 'whether the promises and other circumstances alleged, if proved, would establish any equitable rights of plaintiffs to the proceeds.' 18 Wis.2d at 112, 118 N.E.2d at 106. The Court, after reviewing a number of Wisconsin cases,[1] concluded:
 
 
 14
 'Thus this court has recognized that factors dehors the insurance policy may create a right to insurance proceeds in someone other than the named beneficiary.
 
 
 15
 'Except for the reason stated in Faubel, that a refusal to recognize equitable rights based on a contract to designate a certain beneficiary will defeat claims supported by doubtful evidence, we perceive no reason of policy supporting such refusal. The strict rule works so as to defeat clearly established claims as well as doubtful ones. It seems to us that where proof of the claimed contract is doubtful, careful scrutiny by the trial court of the credibility of the witnesses and the probative value of the evidence will be an adequate protection.
 
 
 16
 'Other authorities have reached a view which differs from the Wisconsin decisions in Faubel and Malancy, supra.
 
 
 17
 'Couch's treatise on insurance states:
 
 
 18
 'A beneficiary may acquire a vested interest by contract based upon a valuable consideration that will be protected against subsequently named beneficiaries who have no superior equity, and a court of equity will not permit a change of beneficiary in favor of a donee that will prejudice the rights of a person whom the insured has made beneficiary in accordance with a contract based upon a valuable consideration, since the rights of the beneficiary are vested by virtue of the contract.' (4 Couch, Insurance (2d ed.) p. 571) 'Insofar as Faubel v. Eckhart and Malancy v. Malancy (supra) hold that an agreement between the insured and another with respect to designation of a beneficiary of a life insurance contract can confer on the promisee, in equity, no rights in the proceeds superior to those of the named beneficiary, they are overruled.' 18 Wisc.2d at 114-116, 118 N.W.2d at 108.
 
 
 19
 We disagree with the district court's conclusion that, in light of Lee v. Preiss, MSL could not establish equities superior to the estate's which would entitle it to half the proceeds. The rule established by the Supreme Court of Wisconsin is not confined to cases where fraud by the insured or an alleged beneficiary is alleged or proven. Rather, the rule holds that a separate, valid contract, based upon valuable consideration, may be proved to establish the vested interest of someone other than the beneficiary provided by or named in the insurance policy itself, regardless of contrary provisions contained in the policy.
 
 
 20
 Thus, if MLS could prove the insured promised to name his employer as beneficiary of half the proceeds in return for his employer's purchasing the insurance policy, MSL would be entitled to recover. The fact that the premium paid by MSL was only $54.50 is irrelevant. The payment of this premium, along with the benefit which would go to the insured's estate ($25,000), comprise ample consideration to support the contract to name MSL as beneficiary of half the proceeds.
 
 
 21
 Therefore, since the evidence offered by MSL has not been presented at trial and has not been subject to cross-examination by the estate, we reverse and remand the case for further proceedings consistent with the views expressed in this opinion.
 
 
 22
 Reversed and remanded.
 
 
 
 [1]
 Including Faubel v. Eckhart, 151 Wis. 155, 161, 138 N.W. 615 (1912), Malancy v. Malancy, 165 Wis. 642, 645, 163 N.W. 186 (1917), Bromley v. Cleveland C.C. & St. L.R. Co., 103 Wis. 562, 567, 79 N.W. 741 (1899), Truelsch v. Miller, 186 Wis. 239, 251, 202 N.W. 352, 38 A.L.R. 914 (1925), and Hurd v. Doty, 86 Wis. 1, 56 N.W. 371 (1893)